## MATTER OF RECEIVERSHIP OF THE COLUMBIAN INSURANCE COMPANY.

### December, 1866.

The lien acquired by the issue of a warrant for personal taxes takes precedence of the equitable claim of creditors who subsequently bring the property into the custody of the law.*

This rule is applicable in the distribution of assets of an insolvent corporation, under the Revised Statutes. The general provisions of law as to such distribution are not to be considered as extinguishing the prior right of the government.

Where the dissolution of the corporation has been decreed by the court, the intervention of the attorney-general to enforce the priority of the tax is unnecessary.

Joseph Morrison and Benajah Leffingwell, receivers of the

---

* Compare Roraback *v.* Stebbins, vol. 4 of this series.

Columbian Insurance Company, appointed in proceedings on the dissolution of that company, under the provisions of the Revised Statutes, applied to the supreme court, by which they were appointed, stating that the receiver of taxes had notified them that he held a warrant of personal taxes due from the company to the city of New York, amounting to one hundred and two thousand two hundred and ninety-one dollars and ninety-one cents, and that he threatened to levy on the property of the company, and they asked that the tax be reduced; that the claim therefor be filed for payment *pro rata* with other claims, and that the tax receiver and marshal be enjoined from interfering with the assets of the company.

The receiver of taxes and the marshal also applied to the same court and obtained an order requiring the receivers to show cause why they should not pay the tax, and directing them meanwhile to retain sufficient funds to do so.

It appeared by the statements of counsel on both sides upon this appeal, that the receivers had reduced the assets to possession, but there were no assets upon which the warrant could be levied, for they consisted of choses in action; and that the company was insolvent and unable to pay its debts in full. None of the creditors of the company had recovered judgment against it.

*The supreme court,* without, however, rendering any opinion, at special term denied the receivers' motion for an injunction, and made an order that they pay out of the funds of the company in preference to all other demands, the tax, interest and expenses, with costs, and this order the general term affirmed on appeal.

*Dudley Field,* for receivers, appellants;—Insisted that equality is equity; citing Brower *v.* Harbeck, 9 *N. Y.* (5 *Seld.*) 593; Waterbury's Case, 8 *Paige,* 383; Eagle Iron Works Case, 3 *Edw.* 386–7; *Reviser's Notes,* 2 *R. S.* 470, § 79. That there is no express law giving a personal tax the preference.  1 *R. S.* 397, § 2; 417, § 71; 1 *Barb. Ch.* 482; *Lawrences City Tax L.* 31. That the usages of legislation are that a preference shall be express.  Brent *v.* Bank of Washington, 10 *Pet.* 611;

Beaston *v.* Far. Bank of Delaware, 12 *Id.* 133; *R. L.* 1813, 513; *L.* 1829, p. 34, § 21; p. 42; 1 *R. S.* 591, §§ 9, 20; 9 *Abb. Pr.* 132; 2 *R. S.* 20, § 24; 46, §§ 32, 33; 464, § 42; 470, § 79; Matter of Hurst, 7 *Wend.* 240; Morewood *v.* Hollister, 6 *N. Y.* (2 *Seld.*) 323. Tax laws must be strictly construed. Regina *v.* St. Leonards, 14 *Q. B.* 340; Rex *v.* Pease, 4 *B. & Ad.* 30, 40; Reed *v.* Wilmot, 7 *Bing.* 577, 582; Tompkins *v.* Ashby, 6 *B. & C.* 541; Ramsden *v.* Gibbs, 1 *Id.* 324; 1 *Cooke Bankr. L.* 379 (or 392, 4 ed.); Rex *v.* Cotton, *Park. Exch.* 112, 127; 2 *Ves. Sr.* 288, 295; Attorney-General *v.* Capell, 2 *Shower,* 480; approved by PARKER, J., *Park.* 127; Rex *v.* Mann, 2 *Strange,* 749; *Bunbury,* 164; *Archb. on Bankr.* 11 ed. 217 (7 ed. 162); Regina *v.* Edwards, 9 *Exch.* 32, 628; 2 *R. S.* 469, § 67; Porter *v.* Williams, 9 *N. Y.* (5 *Seld.*) 147; Stat. 24 and 25 *Vict.* c. 134, § 156; *Act* 1849, § 166; 1 *Cooke Bankr. L.* 125; *Re* Wetherell, 19 *Law Jour.* (*M. C.*) 115. That these taxes were not due to the State, but to the city only; the city officers were parties, and that the city could not claim to succeed to the prerogative of the king, or to have the same rights of priority as the State. Citing *Exp.* Muggeridge, 1 *Cooke Bankr. L.* 125; Seabury *v.* Bowen, 3 *Bradf.* 207; Lloyd *v.* Heathcote, 1 *Brod. & B.* 388.

*Richard O'Gorman,* for the respondents;—Cited State *v.* Pemberton, *Dudley, Geo.* 15; *Edw. on Receivers,* 3, 4; *Chart. of Duke of York,* 1664; *Const. of State of N. Y. of* 1777, § 35; *Id.* 1822, § 13; *Id.* 1846, art. 1, § 17; Canal Appraisers *v.* People, 17 *Wend.* 572; Giles *v.* Conover, 9 *Bing.* 155-6-7, 1832; *Acts of Cong.* March 3, 1797, b. 74, § 5; March 2, 1799, c. 128, § 65; Thelusson *v.* Smith, 2 *Wheat.* 108; Fisher *v.* Bligh, 2 *Cranch,* 382; *L.* 1801, ⱦ 551, c. 178, § 11; *L.* 1813, p. 513, c. 52, § 10; *L.* 1823, p. 399, c. 262, ap. 23, § 2; 1 *R. S.* 956 (5 ed.), § 50; 2 *Id.* 470, § 79; People *v.* Gilbert, 18 *Johns.* 227; 8 *Bac. Abr.* 92, "Prerogative"; 3 *R. S.* (5 ed.) 770, § 78; Fuller *v.* Allen, 16 *How. Pr.* 247-249; Reg. *v.* Edwards, 9 *Exch.* 32, 628.

*Nelson Smith,* for the receiver of taxes, respondent;—Cited *Toller,* 259; *Const. of* 1777, § 35; *Id.* 1846, art. 1, § 17; *Law-*

rence *Tax L.* 31, 59; *L.* 1850, 194, c. 121, § 34; *Code*, § 207, subd. 4; 2 *L.* 1857, 2, § 5; 2 *R. S.* 87, § 27; 470, § 79; People *v.* Gilbert, 18 *Johns.* 227; Inhabitants of Stoughton *v.* Baker, 4 *Mass.* 522; United States *v.* Hoar, 2 *Mas.* 311; *L.* 1801, 55, c. 178, § 11; *L.* 1813, 515, c. 52, § 10; *L.* 1823, 390, § 2; *L.* 1828–9, 34, 42, § 156.

By the Court.—Porter, J.—There is great force in the argument submitted by the counsel for the corporation of the city of New York, in support of the broad position, that the people of this State have succeeded to all the prerogatives of the British crown, so far as they are essential to the efficient exercise of powers, inherent in the nature of civil government, and that there is the same priority of right here, in respect to the payment of taxes, which existed at common law in favor of the public treasury.

It is unnecessary, however, to express an opinion on this question, as we entertain no doubt that, in this case, the lien acquired by the public authorities, when the warrant was issued, is entitled to take precedence of the equitable claim of the creditor of the corporation. At the date of the warrant, the property was in the hands of the corporation. The interest subsequently acquired by the creditor was subject to the prior rights of the State; and when the property, in virtue of legal process, came to be *in custodia legis,* it was the duty of the court to respect this priority of right in the application of the funds of the insolvent corporation.

The dissolution of the latter having already been adjudged by the court, the intervention of the attorney-general was unnecessary.

The application of the fund to this purpose, in the first instance, involves no departure from the policy of the statute regulating the distribution of the assets of insolvent corporations. 2 *R. S.* 470, § 79. Such assets consist, practically, only of the residue remaining after the discharge of all antecedent claims entitled to priority of payment under the settled rules of general law; and in making such distribution, the courts cannot ignore the universal and familiar rule, that a general statute is never to be so construed as to extinguish the rights

of the government by which it is enacted, unless it is couched in terms which unmistakably evince such an intent. People v. Gilbert, 18 *Johns.* 227, 229; United States v. Hoar, 2 *Mas.* 311, 314.

The order of the supreme court should be affirmed, with costs.

All the judges concurred.

Order affirmed, with costs.