DAVID L. WISE et al., Plaintiffs, v. L. & C. WISE COMPANY, Defendant.

In the Matter of the Application of JOHN S. MCMASTER, as Ancillary Receiver of L. & C. WISE COMPANY.

SIMON GOLDENBERG, Respondent; RECEIVER OF TAXES IN THE CITY OF NEW YORK, Appellant.

1. TAX ON · PERSONAL PROPERTY — PRIORITY OF ATTACHMENT BY CREDITOR. Where there is no statute giving a preference to the tax, a specific lien upon personal property, acquired by attachment in an action at law, cannot be displaced in favor of a subsequent claim for taxes on the same property, where no specific lien has been acquired by warrant or any legal process.

2. INSOLVENT CORPORATION — PERSONAL PROPERTY — PRIORITY OF ATTACHMENT TO TAX. Taxes assessed upon the personal property of an insolvent corporation, and which became due subsequent to the levy of an attachment and execution thereon at the suit of creditors, are not a prior lien upon the assets in the hands of a receiver for distribution, under the direction of the court, and which arose from a sale of the property subject to the levy.

*Wise* v. *Wise Co.*, 12 App. Div. 319, affirmed.

(Argued June 21, 1897; decided October 5, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 17, 1896, which reversed so much of an order of Special Term as directs John S. McMaster, as ancilliary receiver of the L. & C. Wise Company, to first pay the claim of the receiver of taxes in the city of New York.

The facts, so far as material, are stated in the opinion.

*Robert Grier Monroe* and *Henry M. Powell* for appellant. The claim of the receiver of taxes, representing the state, is entitled to a preference. (Toller on Executors, 259; 3 Bacon's Abridg. 79; *Giles* v. *Grover*, 9 Bing. 135; Const. N. Y. art. 1, § 16; *U. S.* v. *State Bank,* 6 Pet. 29–34; *U. T. Co.* v. *I. M. R. Co.*, 117 U. S. 434; *In re C. Ins. Co.*, 3 Abb. Ct. App. Dec. 239; *C. T. Co.* v. *N. Y. C. & N. R. R. Co.*, 110

N. Y. 250; *In re W. I. L. Co.*, N. Y. L. J., Jan. 24, 1894; *People* v. *M. F. Ins. Co.*, N. Y. L. J., June 17, 1890; *In re Blight*, N. Y. L. J., Sept. 9, 1896; *State* v. *Rogers*, 2 H. & McH. 198; *Murray* v. *Ridley*, 3 H. & McH. 171; *People ex rel.* v. *Davenport*, 91 N. Y. 590; *Maxmilian* v. *Mayor, etc.*, 62 N. Y. 168; *Workman* v. *Mayor, etc.*, 67 Fed. Rep. 347.) The claim of the receiver of taxes, representing the state, for the personal tax of 1893, though not technically a lien on specific property, is, nevertheless, under the facts in this case, entitled to priority of payment over the attachments. (L. 1855, ch. 37; *In re Babcock*, 115 N. Y. 450; *Assn. of Colored Orphans* v. *Mayor, etc.*, 104 N. Y. 581; *Sisters of St. Francis* v. *Mayor, etc.*, 112 N. Y. 677; 51 Hun, 355; *McMahon* v. *Beekman*, 65 How. Pr. 427, 433; L. 1882, ch. 410.) The courts of England have from the most ancient time recognized the right of the king, representing the state, to priority in payment over the claims secured by specific liens. (*Giles* v. *Grover*, 9 Bing. 130; 2 Bacon's Abridg. 363; Toller on Executors, 259, ch. 2; *Phœnix F. & M. Co.* v. *N. R. C. Co.*, 6 Civ. Pro. Rep. 106.) The courts of the United States have traced to the principles of the common law the right of the government, under the statute, to priority in payment over the claims of creditors contending for preference under specific liens or statutes. (*U. S.* v. *State Bank*, 6 Pet. 29.) The courts of this state, in cases analogous to the present one, where the property has been brought into the custody of the law, have accepted the common-law right of the state to priority in payment over the claims of creditors contending for preference under specific liens or statutes. (*In re Blight*, N. Y. L. J., Sept. 9, 1896; *C. T. Co.* v. *N. Y. C. & N. R. R. Co.*, 110 N. Y. 250; *U. T. Co.* v. *I. M. R. Co.*, 117 U. S. 434.)

*Otto Horwitz* for respondent. The claim of the receiver of taxes is not entitled to any preference or priority over the claim of the attaching creditors, whose attachments were duly issued and levied prior to the time of the appointment of the

ancillary receiver of the corporation, it being conceded that the receiver of taxes had no specific lien upon the assets or property of the corporation. (25 Am. & Eng. Ency. of Law, 272-274; Cooley on Taxn. [2d ed.] 445; *State* v. *Rogers*, 2 H. & McH. 198; *Murray* v. *Ridley*, 3 H. & McH. 171; *Orem* v. *Wrightson*, 51 Md. 34; *U. S.* v. *Hawkins*, 4 Mart. [N. S.] 317; *U. S.* v. *Wilkinson*, 5 Dill. 275; *Prince* v. *Bartlett*, 8 Cranch, 431; *Robinson* v. *Bank of Darion*, 18 Ga. 65; *Mayor, etc.*, v. *Davenport*, 92 N. Y. 604; Code Civ. Pro. §§ 674, 708.) The taxes of 1893 were not properly entitled to a preference over the attachments. (L. 1871, ch. 381, § 1.)

O'BRIEN, J. The question in this case is, whether taxes assessed upon the personal property of a corporation, and which became due subsequent to the levy of an attachment and execution thereon at the suit of creditors, are a prior lien upon the assets in the hands of a receiver for distribution, under the direction of the court, and which arose from a sale of the property subject to the levy.

The defendant was a New Jersey corporation doing business in New York, and, being insolvent, one McMasters was appointed receiver of its property in this state December 7, 1893.

Prior to the time of his appointment, attachments had been levied upon the personal property, issued in actions at law, in which judgments were subsequently recovered and executions issued and levies made. The lien under these executions was acquired September 23d, 1893, the date of the levy upon the attachments.

On the 23d of December, 1893, the sheriff, under an order of the court, delivered all the property held by him under the attachments and executions to the receiver, who received it subject to all liens thereon, and reserving to all creditors their rights against the proceeds in the hands of the receiver, and their respective priorities of lien. The proceeds of the property in the hands of the receiver were not sufficient to pay the

judgments upon which the sheriff had taken possession of the property.

The receiver of taxes for the city of New York presented a claim to the receiver for $556.92, personal taxes for the year 1893, which he claimed was a lien on the fund prior to the judgments.

The court, at Special Term, sustained this claim, and ordered the receiver to pay the taxes in preference to the judgments. The Appellate Division, however, reversed the order, and directed that the entire fund be paid over to the judgment creditor, and from this decision the receiver of taxes has appealed to·this court.

The contention of the learned counsel for the receiver of taxes rests upon a somewhat novel proposition. It is that from ·the most ancient times the courts of England have recognized the right of the sovereign, representing the state, to priority of payment over all other claims, though they may have been secured by specific liens. That the people of this state have succeeded to all the prerogatives of the British crown as parts of the common law suitable and applicable to our condition.

In support of his contention he has called our attention to various authorities in England and in this country. (*Giles* v. *Grover*, 9 Bing. 130–285; 2 Bac. Abr. p. 363; Toller on Ex. chapt. 2, p. 259; *In re Columbian Ins. Co.*, 3 Abb. Ct. App. Dec. 239; *Central Trust Co.* v. *N. Y. C. & N. R. R. Co.*, 110 N. Y. 250; *Union Trust Co.* v. *I. M. R. Co.*, 117 U. S. 434; *U. S.* v. *State Bk. North Carolina*, 6 Peters, 29–34.)

The general doctrines contained in these cases would seem, upon a superficial view, to go far in support of the contention upon which this appeal is based, although it should be observed that a very important fact present in this case was absent in the cases cited, and that was the existence of a specific lien at law upon the personal property acquired ·by a levy under valid legal process in the hands of the sheriff.

On a closer examination, however, it will be found that they do not sustain the broad principle contended for. They

undoubtedly go far enough to sustain the principle that when a fund is in the hands of the court or the trustee of an insolvent person or corporation, a claim due to the government upon a debt or for taxes is entitled to a preference in certain cases, or under certain circumstances. The prerogatives of the crown with respect to the imposition and collection of taxes was the subject of a long and obstinate dispute in England between the people and the executive. Without attempting to ascertain whether the limits of this prerogative have ever been judicially defined with anything like precision, it is entirely safe to say that many of the utterances of the English courts on the subject to be found in the books cannot be considered law here or even in that country. The great contest with respect to the right of the sovereign to levy and collect what was called ship money, illustrates the extent to which the claim of prerogative was pushed, the nature of the dispute, and the conflicting views of the judges. (3 Howell's State Trials, 826–1254.)

In this country the right of the government to be preferred in the distribution of such a fund exists, under the authorities, in two cases: (1) Where the preference is expressly given by statute as was the case in *U. S.* v. *State Bank of North Carolina (supra).*

(2) Where, before the fund has come to the hands of the receiver or trustee, a warrant or some other legal process has been issued for the collection of the tax or debt, and the fund has come to his hands impressed with a lien in favor of the government in consequence of the proceedings for collection, as was the case in the *Columbian Ins. Co. Receivership* (3 Abb. Ct. App. Dec. 239).

But where there is no statute giving the preference, and no warrant or process has been issued for the collection of a tax on personal property, there is no controlling authority for preferring such a claim over specific prior liens in favor of creditors obtained by levy under attachments or executions. (*Roraback* v. *Stebbins,* 4 Abb. Ct. App. Dec. 100.)

The case of *Central Trust Co.* v. *N. Y. C. & N. R. R.*

*Co.* (110 N. Y. 250) decides nothing contrary to this rule. In that case the receiver of a railroad failed to pay the franchise tax under chapter 361, Laws of 1881, for several years. He had in his hands moneys derived from the operations of the road and the exercise of the franchise. The attorney-general petitioned the court to order the receiver to pay the tax. The motion was opposed on two grounds : (1) That the tax was against the corporation and not the receiver; (2) that the mortgages upon the property, to foreclose which the action had been commenced, resulting in the appointment of a receiver, were a prior lien upon the fund. The court ordered the receiver to pay the taxes, and held that as the fund was derived from the exercise of a franchise granted by the state and subject to the tax the claim of the state was in equity superior to the mortgages.

The case presented no question with respect to the prior lien of a tax upon personal property over that of a levy by attachment or execution at the suit of a creditor upon the same property, and through which a specific lien had been obtained before any warrant was issued for the collection of the tax. Railroad mortgages are generally in terms and always under general principles of law or equity, subject to liens for taxes levied from time to time upon the property, or accruing by operation of law.

The substantial feature of the controversy in that case was whether the court would permit its own officer to operate a railroad and receive the earnings without payment of the franchise tax that accrued under the statute from year to year when no one else claimed or had any specific lien upon the fund in his hands, and there was no superior equity in favor of the mortgagee. The court, in the exercise of its discretion, very properly directed the receiver to pay the franchise tax to the state upon the petition of the attorney-general.

The question now before us is quite different. It is simply whether a specific lien upon personal property, acquired by attachment in an action at law, can be displaced in favor of a subsequent claim for taxes on the same property, where no

specific lien has been acquired by warrant or any legal process whatever. The learned Appellate Division held that it could not, and that the claim of the vigilant creditor who had thus acquired the lien could not be postponed for the payment of public taxes.

We think that the decision was right and that the order appealed from should be affirmed, with costs.

All concur, except GRAY, J., absent.

Order affirmed.