CENTRAL TRUST CO. OF NEW YORK v. THIRD AVE. R. CO. et al.

(Circuit Court of Appeals, Second Circuit. May 2, 1910.)

No. 315.

SUBROGATION (§ 33*)—FORECLOSURE OF MORTGAGES—DEBTS ENTITLED TO PRIORITY.

The surety on an appeal bond given by a street railroad company on appeal from a judgment recovered by the city of New York for car license fees, which has paid the judgment and taken an assignment thereof, is subrogated only to the rights given by the judgment; and, there being no statute giving such judgment any lien or preference, it is not entitled to priority of payment over a prior mortgage on a sale of the company's property in foreclosure proceedings.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 96–98; Dec. Dig. § 33.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Central Trust Company of New York against the Third Avenue Railroad Company and others; the American Surety Company of New York, intervener. From an order of the Circuit Court, intervener appeals. Affirmed.

Louis Marshall, for appellant.

Bowers & Sands (John M. Bowers and Middleton S. Borland, of counsel), for appellee.

Evarts, Choate & Sherman (H. J. Bickford, of counsel), for receiver Whitridge.

Before COXE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The Central Trust Company, trustee under the mortgage of the Third Avenue Railroad Company, brought an action to foreclose. The appellant, the American Surety Company, intervened and presented its claim to be first paid the sum of $44,561.32 out of the proceeds of the mortgaged property. The claim for preference is rested upon the fact that the appellant, as surety of the railroad company upon an appeal from a judgment in favor of the city of New York for car license fees incurred before, but for which suit was brought and judgment recovered after, the date of the mortgage, has paid the judgment. The special master and the court below denied the petition, and we concur in their conclusion.

The appellant paid the judgment in the ordinary course of its business, in consideration of premiums received from the railroad company, without any purpose of benefiting the mortgagee. It is by subrogation clothed only with the rights of the city, and these are expressed in the judgment which has been assigned to it, and which it may enforce by execution in the usual way. Assuming, in accordance with the appellant's contention, that the license fees are to be regarded as taxes, still neither they nor the judgment for them are entitled to any lien or preference because none is given by statute. This would be so even if the claim belonged to the state. Wise v. Wise Co., 153 N. Y. 507, 510, 47 N. E. 788.

The appellant also relies on broad principles of equity derived from the maxim that he who asks equity must do equity. Conceding, as it contends, that payment of the license fees is such a condition of the grant from the state that the state may forfeit the franchise or enjoin the operation of the road for nonpayment, still it does not follow that the appellant is entitled to a preference for this reason. By payment it became in no way connected with the state, which alone can assert these rights. City v. Bryan, 196 N. Y. 158, 89 N. E. 467. And we cannot assume, for the purpose of displacing the mortgagee's contract lien, that if the license fees had not been paid the city would have moved the state to assert these rights against the railroad company and that the state would have done so.

The order is affirmed.