(68 Misc. Rep. 440.)

## In re TRADERS' & TRAVELERS' ACCIDENT CO.

(Supreme Court, Special Term, New York County. July, 1910.)

INSURANCE (§ 51*)—EXPENSES OF EXAMINATION—PRIORITY OF LIENS.

Where, after examination, under Insurance Law (Consol. Laws, c. 28) § 7, an order was made under section 63 for the winding up of a certain insurance company, the state is preferred to the extent of the expense of the examination, where its allowance would not displace specific prior liens.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 51.*]

In the matter of the Traders' & Travelers' Accident Company. On motion to confirm accounts of W. H. Hotchkiss, Superintendent of Insurance. Motion granted.

Edwards P. Ward, for petitioner.

GREENBAUM, J. This is a motion for confirmation of the accounts of the Superintendent of Insurance in the liquidation of the business of the Traders' & Travelers' Accident Company in proceedings instituted under section 63 of the insurance law (Laws 1909, c. 33 [Consol Laws, c. 28]). Prior to the institution of these proceedings an examination was conducted into the affairs of the corporation pursuant to section 7 of the act, and upon facts disclosed upon this examination an application was made by the Superintendent of Insurance under section 63 of the act, which resulted in the entry of an order directing the liquidation of the affairs of the company. The Superintendent has allowed to the state as a preferred claim out of the funds available for distribution to the creditors the sum of $190.18, representing the expense incurred and paid by it in the conduct of such examination.

Section 7 provides that the charges for making such an examination shall be presented in the form of an itemized bill, approved by the Superintendent, audited by the Comptroller and paid by the State Treasurer to the person making the examination, and that the corporation so examined, on receiving a certified copy of such bill, so approved, audited, and paid, shall pay the amount to the Superintendent of Insurance, by whom it is directed to be paid into the state treasury. There are no specific liens against the assets of the company asserted by any creditor which will be affected by the allowance of the preference, nor has any objection been made to the preference herein claimed by the state. It was the evident intention of this statute to insure the absolute repayment of this amount in full, and this result would have followed but for the insolvency of the company. The expenditure obviously is made for the benefit and protection of the creditors and others interested in the property and assets of the corporation, and the examination under the statute may be made the basis for a subsequent application under section 63 of the act for an order directing the liquidation and winding up of the business of the corporation. Under these circumstances it seems to me but equitable that this expense, in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

curred in the interest and behalf of the creditors of the corporation, should be entitled to a preference and given substantially the same status as an expense of the liquidation proceedings. The weight of authority, even in the absence of a statutory lien or preference, seems to support the right of the state to a preference, where the effect of the allowance thereof will not displace specific prior liens obtained in favor of other creditors. Matter of Donaldson, 27 Misc. Rep. 745, 755, 59 N. Y. Supp. 656; Matter of Bowlby, 34 Misc. Rep. 311, 319, 69 N. Y. Supp. 783.

There is nothing in the opinion of Wise v. Wise Co., 153 N. Y. 507, 47 N. E. 788, establishing a different doctrine. The decision in that case was carefully limited to the facts there appearing, the court, per O'Brien, J., saying:

"But where there is no statute giving the preference, and no warrant or process has been issued for the collection of a tax on personal property, there is no controlling authority for preferring such a claim over specific prior liens in favor of creditors obtained by levy under attachments or executions."

Indeed, in this opinion, the learned judge writing for the court, after referring to the English authorities which recognize "the right of the sovereign representing the state to priority of payment over all other claims, though they may have been secured by specific liens," says, at pages 510, 511 of 153 N. Y., at page 789 of 47 N. E.:

"On a closer examination, however, it will be found that they [the English cases] do not sustain the broad principle contended for. They undoubtedly go far enough to sustain the principle that, when a fund is in the hands of the court or the trustee of an insolvent person or corporation, a claim due to the government upon a debt or for taxes is entitled to a preference in certain cases or under certain circumstances."

It seems that the circumstances present in this proceeding are peculiarly such as to justify the preference of the claim of the state for the expenses of the examination. Motion to confirm granted.

Motion granted.