### CENTRAL TRUST CO. OF NEW YORK v. THIRD AVE. R. CO. et al.

(Circuit Court of Appeals, Second Circuit. March 13, 1911.)

No. 172.

1. STATES (§ 110*)—CLAIMS—PREFERENCE.

   The state does not succeed as sovereign to all the prerogatives of the British crown, among others the right to a preference for debts due it over other creditors.

   [Ed. Note.—For other cases, see States, Cent. Dig. § 108; Dec. Dig. § 110.*]

2. TAXATION (§ 510*)—PRIORITY—PRIOR MORTGAGE.

   Tax Law (Consol. Laws 1909, c. 60) §§ 185, 197, giving the state a lien on a street railroad company's property for a tax on certain dividends, does not give the state priority over a prior mortgage.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 946; Dec. Dig. § 510.*]

   Noyes, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Action by the Central Trust Company against the Third Avenue Railroad Company and others. From an order on a claim by the people of the State of New York, they appeal. Affirmed.

Thomas Carmody, Atty. Gen. (W. A. McQuaid, Deputy Atty. Gen., of counsel), for the People of New York.

Evarts, Choate & Sherman (H. J. Bickford and M. S. Borland, of counsel, for appellees.

Before COXE, WARD, and NOYES, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge.    In 1907 the Third Avenue Railroad was being operated by the New York City Railway Company as lessee and was subject under section 185, c. 908, Laws 1896, re-enacted in section 185 of the tax law (chapter 62, Laws 1909 [chapter 60, Consol. Laws 1909]), to a tax of 3 per cent. upon its dividends in excess of 4 per cent. for the privilege of exercising its corporate franchise or carrying on its business.    It was also required under section 192 to make a return on or before August 1, 1907, of the amount of these dividends during the year ending June 30th, and section 197 made the tax due and payable August 1st, and further provided that it should be a lien upon the company's real and personal property "from the time when it is payable until the same is paid in full."    This particular provision in the tax laws appeared for the first time in section 194 of the old tax law (chapter 908, Laws 1896).    September 24, 1907, after this tax had become due and payable, receivers were appointed of the New York City Railway Company, who operated the property until January 12, 1908, when they turned it over to a receiver appointed for it January 6, 1908.    The Third Avenue Railroad Company was subject to a mortgage executed by it to the Central Trust Company, as trustee, May 15, 1900, and in an action foreclosing the mortgage a decree was entered May 17, 1909, against the railroad company for $40,381,173.33.    March 1, 1910, the railroad was sold for $26,-000,000.    The state of New York now claims a priority over the mortgage for the taxes for 1907 under section 185 of the tax law, amounting to $2,543.33.

[1] We regard it as settled law in this state that the state does not succeed as sovereign to all the prerogatives of the British crown, among others the right to a preference for debts due it over all other creditors.    It has been expressly held that taxes due the state have no priority of payment out of a fund in court for distribution, unless the priority was expressly given by statute, or unless the fund has come into court impressed with a priority for the tax.    Wise v. Wise Co., 153 N. Y. 507, 47 N. E. 788.    O'Brien, J., said:

"The contention of the learned counsel for the receiver of taxes rests upon a somewhat novel proposition.    It is that from the most ancient times the courts of England have recognized the right of the sovereign, representing the state, to priority of payment over all other claims, though they may have been secured by specific liens; that the people of this state have succeeded to all the prerogatives of the British crown as parts of the common law suitable and applicable to our condition.    In support of his contention he has called our attention to various authorities in England and in this country.    Giles v. Grover, 9 Bing. 130–285; 2 Bac. Abr. p. 363; Toller on Ex. c. 2, p. 259; In re Columbian Ins. Co., 3 Abb. Dec. 239; Central Trust Co. v. N. Y. C. & N. R. R. Co., 110 N. Y. 250, 18 N. E. 92, 1 L. R. A. 260; Union Trust Co. v. I. M. R. Co., 117 U. S. 434, 6 Sup. Ct. 809, 29 L. Ed. 963; U. S. v. State Bank of North Carolina, 6 Pet. 29–34, 8 L. Ed. 308.    The general doctrines contained in these cases would seem, upon a superficial view, to go far in support of the contention upon which this appeal is based, although it should be observed that a very important fact present in this case was absent in the cases cited, and that was the existence of a specific lien at law upon the personal property acquired by a levy under valid legal process in the hands of the sheriff.

"On a closer examination, however, it will be found that they do not sustain the broad principle contended for.    They undoubtedly go far enough to sustain the principle that, when a fund is in the hands of the court or

the trustee of an insolvent person or corporation, a claim due to the government upon a debt or for taxes is entitled to a preference in certain cases or under certain circumstances. The prerogatives of the crown with respect to the imposition and collection of taxes was the subject of a long and obstinate dispute in England between the people and the executive. Without attempting to ascertain whether the limits of this prerogative have ever been judicially defined with anything like precision, it is entirely safe to say that many of the utterances of the English courts on the subject to be found in the books cannot be considered law here, or even in that country. The great contest with respect to the right of the sovereign to levy and collect what was called 'ship money' illustrates the extent to which the claim of prerogative was pushed, the nature of the dispute, and the conflicting views of the judges. 3 Howell's State Trials, 826–1254.

"In this country the right of the government to be preferred in the distribution of such a fund exists, under the authorities, in two cases: (1) Where the preference is expressly given by statute as was the case in U. S. v. State Bank of North Carolina, supra. (2) Where, before the fund has come to the hands of the receiver or trustee, a warrant or some other legal process has been issued for the collection of the tax or debt, and the fund has come to his hands impressed with a lien in favor of the government in consequence of the proceedings for collection, as was the case in the Columbian Ins. Co. Receivership, 3 Abb. Dec. 239. But where there is no statute giving the preference, and no warrant or process has been issued for the collection of a tax on personal property, there is no controlling authority for preferring such a claim over specific prior liens in favor of creditors obtained by levy under attachments or executions. Roraback v. Stebbins, 4 Abb. Dec. 100."

[2] In this case a lien upon the company's real and personal property, taking effect from August 1, 1907, was expressly given by section 197 of the tax law. The question is whether the section also gave that lien a priority over claims of all other creditors. Most of the New York cases cited as to taxes due the state are not applicable, because they were incurred before the provision making them a lien was enacted in 1896. Undoubtedly the state has power to confer the priority, but such a construction of the act should not be adopted unless the language used compels it. The fact that, though the tax is for the whole year, it is not given a lien until it is payable, viz., August 1st, is some indication that it is subject to liens arising before that date. This is consistent with the general principle applicable to liens: "Qui prior in tempore est potior in jure." In the absence of unmistakable intention to do otherwise, we think it fair to suppose that the Legislature intended to make the tax a lien on the property in its then condition. We discover no equity to induce a contrary construction in imposing the burden of making the state's loss good upon one person rather than upon the citizens at large.

It is contended, however, that this priority necessarily follows from the provision of the statute that the taxes are to remain a lien until they are paid in full. It was so held by the Supreme Court of Pennsylvania in Eaton's Appeal, 83 Pa. 152. But we think the provision as consistent with an intention that the taxes shall remain a lien as to the property in question and its proceeds against all subsequent lienors and general creditors until paid, and perhaps with an intention to rebut the common-law presumption of payment after the lapse of 20 years (Bean v. Tonnele, 94 N. Y. 381, 46 Am. Rep. 153), as with the intention that the lien shall never be displaced until the taxes are paid.

The statute which makes taxes a prior lien upon real estate in the city of New York (section 1017 of the charter of Greater New York [Laws 1901, c. 466] taken literally from the consolidation act of 1882) does show this intent clearly by providing that they shall "continue to be until paid a lien thereon and shall be preferred in payment to all other charges."

The Circuit Court of Appeals for the Eighth Circuit, in State v. Central Trust Co., 94 Fed. 244, 36 C. C. A. 214 (certiorari denied 174 U. S. 803, 19 Sup. Ct. 883, 43 L. Ed. 1188), held the state of Minnesota to be entitled to priority of payment, even out of personalty, of all debts due it over every other debt. This conclusion was rested upon the rights of Minnesota as a sovereign, without reference to statute, which, as we have seen, is not the law of this state.

We are also referred by the Deputy Attorney General to section 203 of the tax law, which authorizes, in an action brought by the Attorney General, the forfeiture of the franchise of any corporation which intentionally fails to pay its taxes; but it contains nothing to change our conclusion as above stated. The forfeiture of the Third Avenue Railroad Company's franchise would not affect in any way the distribution of its assets among its creditors. People v. O'Brien, 111 N. Y. 1, 18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684.

The order is affirmed.

NOYES, Circuit Judge (dissenting). Concededly the state had the power to make the tax in question a lien on the corporation's property and to give it priority over other liens. The only question is whether it has done so. The law provides:

"Such tax shall be a lien upon and bind all of the real and personal property of the corporation, joint stock company or association liable to pay the same from the time when it is payable until the same is paid in full."

This provision expressly makes the tax a lien. It does not expressly give the lien priority; but that, in my opinion, necessarily results from the provision that it shall bind the property of the corporation "until the same is paid in full." A lien cannot bind property until a tax is paid in full, if, without being paid at all, it can be wiped off by the foreclosure of a prior mortgage. The construction placed upon this provision by the opinion of the majority deprives it of all practical efficacy. It is wholly unnecessary to say that, as against subsequent lienors and general creditors, the lien shall remain until paid. And, assuming that the 20-year presumption of payment applies to taxes, the possibility that the Legislature had it in mind in making this enactment is very remote.

It must be borne in mind that we are not dealing with conventional liens, in which the parties cannot by any stipulations affect the rights of prior lienors. We are dealing with a demand of the government, which the government has the right to make a charge upon the property, and to which charge it may give priority. And in my opinion the provision in question was intended to accomplish that result, is appropriate for the accomplishment of that result, and must be erroneously limited in scope not to accomplish that result.

I think that the order should be reversed.