MISSISSIPPI VALLEY TRUST CO. v. OREGON-WASHINGTON TIMBER CO. et al.

(District Court, W. D. Washington, S. D. May 16, 1914.)

No. 9.

STATES (§ 110*)—PRIORITY OF STATE AS CREDITOR.

Premiums or contributions due the state of Washington under the Workmen's Compensation Act (Laws Wash. 1911, c. 74), which under the statute are unsecured by lien upon any specific property, are not entitled to priority of payment over a debt prior in point of time secured by a mortgage to an individual, assuming that at common law the sovereign was entitled to a preference in payment of debts due from an insolvent, and that the state has succeeded to that prerogative under Rem. & Bal. Code, § 143, adopting the common law so far as not inconsistent with the Constitution and laws of the United States or of the state, nor incompatible with the institutions and condition of society.

[Ed. Note.—For other cases, see States, Cent. Dig. § 108; Dec. Dig. §, 110.*]

In Equity. Suit by the Mississippi Valley Trust Company, a Missouri corporation, and others against the Oregon-Washington Timber Company, an Oregon corporation, and others, in which the state of Washington intervened. Intervener's petition denied.

Snow & McCamant, of Portland, Or., for plaintiffs.

W. V. Tanner, Atty. Gen., John M. Wilson, Ass't Atty. Gen. (W. M. Williams, of Olympia, Wash., of counsel), for Intervener, State of Washington.

CUSHMAN, District Judge. Upon the petition of plaintiffs, seeking the foreclosure of certain mortgages upon the property of the defendants, a receiver was appointed herein. The state of Washington in-

tervenes, and asserts a claim for $1,046.80, being the amount of premium, or contribution, due and payable to the state of Washington, under chapter 74, Laws of Washington 1911, upon the actual pay roll of the workmen employed by the defendant Washington Northern Railroad Company, in the extrahazardous departments and employments of its business. These premiums fell due subsequent to the attaching of the lien of the mortgages sought to be foreclosed herein, but before the appointment of the receiver. Under the laws of the state of Washington, the amount due for such a premium is a debt, unsecured by lien upon any specific property, to be collected by civil action.

The state petitions to have its claim for such premium allowed as a prior and preferred claim, to be paid in full. The plaintiff, trustee, resists the petition. No claim is made that its property in the hands of the receiver, is not covered by the mortgages, nor is the state asking to be preferred to unsecured creditors of the defendant railroad company. Its contention is that it is entitled to have its claim paid in full, to the postponement of any mortgage upon the defendant's property.

Plaintiff cites the following authorities: State v. Bank of Maryland, 6 Gill & J. (Md.) 205, 226, 228, 26 Am. Dec. 561; In re Carnegie Trust Co., 151 App. Div. 606, 136 N. Y. Supp. 466, affirmed 206 N. Y. 390, 99 N. E. 1096, 46 L. R. A. (N. S.) 260; Orem v. Wrightson, 51 Md. 34, 34 Am. Rep. 286; State v. Foster, 5 Wyo. 199, 38 Pac. 926, 29 L. R. A. 226, 63 Am. St. Rep. 47; Wise v. Wise Co., 153 N. Y. 507, 47 N. E. 788; State v. Williams, 101 Md. 529, 61 Atl. 297, 1 L. R. A. (N. S.) 254, 109 Am. St. Rep. 579, 4 Ann. Cas. 970; Freeholders of Middlesex County v. State Bank of New Brunswick, 29 N. J. Eq. 268, 274; Central Trust Co. v. Third Ave. Ry., 186 Fed. 291, 110 C. C. A. 1; Central Bank of Georgia v. Little, 11 Ga. 346; Zimmerman v. Chelsea Sav. Bank, Michigan, 161 Mich. 704, 127 N. W. 351.

Intervener the state of Washington relies upon the following authorities: State ex. rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 460; State v. Mountain Tbr. Co., 75 Wash. 581, 135 Pac. 645; New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284; In re Otto F. Lange Co. (D. C.) 159 Fed. 586; In re Industrial Cold Storage & Ice Co. (D. C) 163 Fed. 390; City of Chattanooga v. Hill, 139 Fed. 600, 71 C. C. A. 584, 3 Ann. Cas. 237, 238; Hecox v. Teller County, 198 Fed. 634, 117 C. C. A. 338; In re Conhaim (D. C.) 100 Fed. 268; In re Halsey Elec. Gen. Co. (D. C.) 23 Am. Bankr. Rep. 401, 175 Fed. 825; State of N. J. v. Lovell, 24 Am. Bankr. Rep. 562, 179 Fed. 321, 102 C. C. A. 505, 31 L. R. A. (N. S.) 988.

A claim by the state such as this is not for a general tax for public purposes, entitling it to be preferred in payment under the Bankruptcy Act. In re Farrell (D. C.) 211 Fed. 212.

The state contends that, even if its claim be considered not as a tax, but as a debt, it is one to a sovereign state, that at common law the sovereign was entitled to a preference in payment of debts due to him by an insolvent, and that the state has succeeded to this prerogative.

In this state, by section 1 of the Code of 1881, as re-enacted by

Laws of 1891, p. 31 (section 143, Rem. & Bal. Code), this state has adopted the common law. This section reads as follows:

"The common law, so far as it is not inconsistent with the Constitution and laws of the United States, or of the state of Washington, nor incompatible with the institutions and condition of society in this state, shall be the rule of decision in all courts of this state."

No attempt has been made herein to point out wherein the prerogative asserted by the state is inconsistent with the federal, or state Constitutions, or any law of either, nor wherein it is inconsistent with the institutions or conditions mentioned in the statute therein. Assuming, without deciding, that if there was such a prerogative under the common law of England, it is a prerogative of the state of Washington, its nature and extent remain for determination.

The question is not whether a debt due to the sovereign will, under a statute giving a lien therefor, or, in case of seizure thereon under warrant, be preferred, when the insolvent debtor's property is in the hands of the court, over an unsecured debt to a citizen, or subject, but precisely whether such a debt will take precedence over one prior in time thereto, secured by mortgage, to an individual. It clearly appears that it will not from the decisions cited, including those relied on by intervener. Guaranty Co. v. Title Guaranty Co., 224 U. S. 153, 32 Sup. Ct. 457, 56 L. Ed. 706; Central Trust Co. v. Third Ave. R. Co., 186 Fed. 291, 110 C. C. A. 1; In re Carnegie Trust Co., 151 App. Div. 606, 136 N. Y. Supp. 466, affirmed 206 N. Y. 390, 99 N. E. 1096, 46 L. R. A. (N. S.) 260.

The petition will be denied to the extent above indicated.