KENNEBEC BOX CO., Inc., v. O. S. RICHARDS CORPORATION.

(District Court, E. D. New York. April 18, 1924.)

1. Receivers ⚖153—Appointment of receiver for debtor does not entitle debts due United States to priority.

Appointment of a receiver in equity for the property of a debtor is not such a divestiture of his property as to give debts due to the United States priority, under Rev. St. § 3466 (Comp. St. § 6372).

2. Receivers ⚖153—Debts of receiver held to have priority over taxes due United States from defendant.

Creditors of a receiver in equity, whose claims arose during the conduct of the business are entitled to payment of their claims before taxes due the United States which accrued against the defendant prior to the receivership, especially where there is no proof that the property held by the receiver is property, or the proceeds of property, in possession of

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant when the suit was instituted, and on which the United States may have had a lien for the taxes, under Rev. St. § 3186 (Comp. St. § 5908).

**3. Receivers** ⊚➔153—**Lien for taxes not enforceable against receiver in absence of prior levy.**

A statutory lien for·taxes creates no valid priority in the liquidation by a receiver in equity, unless a warrant was issued or a levy made thereunder prior to the receivership.

In Equity. Suit by the Kennebec Box Company, Inc., against the O.. S. Richards Corporation. On motion by John B. Johnston, receiver, for an order establishing priority of receiver's debts over claims of United States for taxes. Granted.

See, also, 295 Fed. 418; 299 Fed. 874. ·

Zalkin & Cohen, of New York City, for receiver.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City (Nelson T. Hartson, Solicitor of Internal Revenue, and Frank J. Ready, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

GARVIN, District Judge. John B. Johnston, now receiver in the above-entitled action, the usual creditors' suit in equity, has brought on a motion for an order directing that the claim of the United States of America against the respondent above named for taxes for the years 1918, 1919, and 1920, aggregating the .sum of $89,953.95, be fixed as subordinate to the claims of the creditors that arose subsequent to the institution of this action against the funds of the estate of the respondent.

After the suit was brought, on or about December 7th, 1922, Frederick P. Kapper was appointed receiver. He served as such until on or about January 29, 1923, when Lee S. Richards was appointed in his place. The latter continued to serve until he was succeeded by Johnston. While Kapper and Richards acted as receivers they incurred obligations, still unpaid, aggregating about $50,000; when Johnston was appointed receiver, he converted all the assets of the estate into cash, and now holds about $28,000, the entire amount of the estate.

[1] The question presented is whether the government's claim for taxes is superior to the claims of the creditors of the receivers. It seems to be settled that any right of priority possessed by the United States is based upon statute.

"As the United States has no common law, whatever right of priority in the payment of debts the United States possesses `over other creditors exists because of some statute which confers it. It does not exist independently of statute." Equitable Trust Co. v. Connecticut Brass & Manufacturing Corp. (C. C. A.) 290 Fed. 712, 718.

Section 3466 of the Revised Statutes (Comp. St. § 6372), upon which the government relies, reads as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient. to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby

⊚➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

This section gives the United States priority only (1) where the person in debt to the United States is insolvent; (2) where the estate of a deceased debtor is insufficient to pay all the debts due from the deceased; (3) where a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or where there is an attachment against the estate and effects of an absconding, concealed, or absent debtor.

The appointment of receivers in equity to take possession of the property of the defendant debtor is not such a divestiture of the debtor's property as gives the United States priority. Beaston v. Farmers' Bank of Delaware, 12 Pet. 102, 9 L. Ed. 1017. The Equitable Trust Co. Case, supra, held that the United States cannot obtain an order, in an equity receivership action, determining that it is entitled to priority of payment before any other debtors should be paid, under section 3466 of the Revised Statutes of the United States.

[2] Section 3186 of the United States Revised Statutes (Comp. St. § 5908) provides as follows:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States from the time when the assessment list was received by the collector, except when otherwise provided, until paid, with the interest, penalties, and costs that may accrue in addition thereto upon all property and rights to property belonging to such person. * * *"

This section provides that, if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States from the time when the assessment list was received by the collector. The motion papers are silent with respect to the date when this list was received. If there is no lien, it would seem that there can be no determination that the United States has a priority. See Equitable Trust Co. v. Connecticut Brass & Manufacturing Corp., supra.

The record does not show that the receiver now holds property formerly belonging to the defendant. Upon any such property it might be urged that the claim of the United States is a prior lien, under American Engineering Co. v. Metropolitan By-Products Co., Inc. (C. C. A.) 275 Fed. 34, but the property in the hands of Receiver Johnston is much less than the aggregate claims of the prior receiver's creditors, and whatever estate there is may exist only because of advances made by the creditors. Can it be said, therefore, that the $28,000 in the present receiver's hands has been proved to be property belonging to the defendant when the action was begun? Is it not really property which may have been acquired by the receivers? If so, does it not belong, equitably, to the creditors whose advances are responsible for its existence? While the Equitable Trust Co. Case does not pass upon the precise point here involved, it seems to me that the result

of that decision is in harmony with a determination that the creditors of a receiver in equity, whose claims arose during the conduct of the business (even where no public service corporation or quasi public corporation is involved), are entitled to have their claims paid before the United States can assert any claim for taxes which accrued prior to the receivership, especially where, as in the instant case, there is no proof that the property held by the receiver is property (or the proceeds thereof) in the possession of defendant when the action was instituted and the first receiver appointed.

[3] And, finally, even a statutory lien for taxes creates no valid priority in the liquidation by a receiver in equity, unless a warrant has been issued or a levy made thereunder prior to the receivership. Robinson v. Mutual Reserve Insurance Co. (C. C.) 175 Fed. 624; Wise v. Wise, 153 N. Y. 507, 47 N. E. 788; Central Trust Co. v. Third Avenue R. Co., 186 Fed. 291, 110 C. C. A. 1.

If these conclusions are correct, the motion must be granted.

See, also, 295 Fed. 418; 299 Fed. 871.

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes