## Eaton's Appeal. Eaton *versus* Williams.

83      152
27 SC ¹249
83      152
29 SC ²119

1. Under sect. 6 of the Act of February 28th 1866 (Pamph. L. 116), the lien of taxes due the city of Titusville upon real estate is prior to that of a judgment obtained before the taxes were levied.

2. This follows necessarily from the provision of the act, that such taxes shall continue a lien "until fully paid and discharged."

3. An award of arbitrators in favor of a plaintiff from which he appeals is not a lien upon the defendant's real estate so long as the appeal stands.

4. Where K., as plaintiff, obtained an award of arbitrators in an action against W., and took an appeal therefrom, and while this appeal was undetermined, E. obtained a judgment against W., and judgment was afterwards entered on the award : *Held*, in a distribution of the proceeds of a sheriff's sale of W.'s real estate, that E.'s judgment was entitled to priority over that of K.

[Eaton's Appeal.]

November 20th 1876.   Before Agnew, C. J., Sharswood, Gordon, Paxson and Woodward, JJ.   Williams and Mercur, JJ., absent.

Appeal from the Court of Common Pleas of *Crawford county:* Of October and November Term 1876, No. 100.

. This was an appeal of John Eaton and Edward H. Cole from a decree of the court below ordering a distribution of the proceeds of a sheriff's sale of the real estate of A. R. Williams.   It appeared that on May 21st 1872, the firm of Keys Brothers obtained an award of arbitrators against Williams in the Common Pleas of Crawford county for $820, under the Act of 1836.   The award was duly entered, and the plaintiffs took an appeal; nothing further was done in the case till January 1875, when the appeal was withdrawn by consent of both parties.   On November 3d 1873, Eaton and Cole obtained two judgments against Williams.   Under these judgments certain real estate of Williams was sold by the sheriff, and the proceeds of these sales were paid into court for distribution.   The court below distributed the fund, first to the city of Titusville for taxes for the years 1874 and 1875, secondly to Keys Brothers on their award, and thirdly (as far as the fund reached) to Eaton and Cole on their judgments.   From this decree, this appeal was taken. The errors assigned were to the award of priority to the city of Titusville, and to the claim of Keys Brothers.

*Roger Sherman,* for the appellants.—The taxes were assessed under the Act of February 28th 1866 (Pamph. L. 116), incorporating the city of Titusville; this provides only that 'all taxes assessed upon real estate shall be a lien upon said real estate until paid.' Unless they are made prior liens by construction of this act, they are subsequent to Eaton and Cole's judgment. The language of the act does not bring the case within the decision in the city of Pittsburgh's Appeal, 20 P. F. Smith 142.   Nor does it contain the provision of the Act of February 3d 1824, relating to taxes in Philadelphia and afterwards extended to Pittsburgh, which was held in Allegheny City's Appeal, 5 Wright 60, to give priority to taxes without regard to the date of their levy.   Gormley's Appeal, 3 Casey 49, rules this case.

Keys Brothers could not keep their lien and at the same time appeal from it: Christy *v.* Crawford, 8 W. & S. 101; Lentz *v.* Lamplugh, 2 Jones 344.

*Guthrie & Byles,* for the appellees.—The taxes are a first charge upon the fund: Parker's Appeal, 8 W. & S. 449.   The Act of 1866 provides that the taxes shall be a lien till "fully paid and discharged;" similar words in other acts have been interpreted to give taxes a prior lien: Allegheny City's Appeal, *supra*; City of Pittsburgh's Appeal, *supra.*   In Gormley's Appeal, *supra*, there was no such provision in the act.

[Eaton's Appeal.]

The appeal from the award does not affect its lien : M'Kennan *v.* Henderson, 5 W. & S. 370 ; Wilkinson's Appeal, 15 P. F. Smith 189. In Lentz *v.* Lamplugh, 2 Jones 344, the award was reversed on appeal, and a larger judgment recovered.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 2d 1877.

The provision of the sixth section of the Act of February 28th 1866, Pamph. L. 116, entitled " An Act to incorporate the borough of Titusville, Crawford county, into a city," that " all taxes, rates and levies assessed upon real estate in said city shall be a lien upon said real estate until paid. * * * * * And the lien shall be continued until the taxes are fully paid and discharged"—does not change the established law that a judicial sale divests all liens and turns them over to the proceeds, but qualifies it only to this extent, that so far as the taxes are not reached and paid in full, they shall continue to be a lien. Such have been the decisions of this court upon the construction of the first section of the Act of February 3d 1824, Pamph. L. 18, " An Act relating to taxes on certain real estate in the city and county of Philadelphia"—which, in this respect, does not materially differ from this law : Allegheny City's Appeal, 5 Wright 60 ; Pittsburgh's Appeal, 20 P. F. Smith 142. It is true that the act before us does not expressly give the taxes priority over prior liens—but that necessarily follows from the provision that they shall continue a lien until fully paid and discharged. Gormley's Appeal, 3 Casey 49, is not applicable. It was a question of subrogation—the claim to which was destitute of equity. The tenant had paid the taxes, and his right to reimbursement was from his landlord, who was bound to pay them—and not from any prior mortgage or lien creditor. It was not a claim by the public authorities on the fund in court for unpaid taxes. They had been paid. The case does not state what the taxes were—whether state or city. The court evidently did not regard the special provisions of the acts creating the lien material to the only question in the cause. It is very important that bidders at public judicial sales should have a plain, simple rule to go by. They are bound to ascertain the amount of the public charges, and they can then understand that the taxes will be paid from the purchase-money certainly, and they will hold clear and discharged of the lien unless in the rare case, where the amount of the fund raised by the sale is not sufficient to discharge them in full. The auditor and court below were therefore right in awarding payment out of the fund, next after the costs, of the taxes due the city of Titusville.

We are of opinion, however, that there was error in giving priority to the judgment of Keys Brothers to any amount. The plaintiffs in that case had appealed from an award of arbitrators in their

[Eaton's Appeal.]

favor. Pending the appeal the judgments of Eaton and Cole were entered up, and subsequently Keys Brothers, with the consent of defendant, withdrew their appeal. The court below decided that the award thus reinstated became a lien from its date. The case of Lentz v. Lamplugh, 2 Jones 344, is directly in point to the contrary. It decided that where the plaintiff appeals from an award in his favor and recovers a verdict and judgment more favorable to himself, the lien of such judgment has no relation to the date of the award. In that case there had been a conveyance subsequent to the award; and it was held that the grantee took discharged of the lien. It is evident that it made no matter what became of the case after the appeal, so far as the lien was concerned, whether it was withdrawn, or a less or a more favorable verdict obtained. At the time when the conveyance was made, this court held that there was no lien, and the purchaser took free from the encumbrance. The reasoning of Chief Justice GIBSON in the opinion is very cogent. The law will not allow the plaintiff to claim by two judgments in the same action, or to reverse his judgment and still claim by it; or to say "I will hold by the one, and take all I can get by the other." "Nothing but the force of a statute could abolish this principle; and the legislature has not applied it." But even if the reasoning were not thus cogent, we ought to hesitate long before overruling a case which has stood unchallenged for more than a quarter of a century. There is certainly nothing in Wilkinson's Appeal, 15 P. F. Smith 189, to shake it. There was no question of lien of the award in that case; it was a distribution of the proceeds of personal property. An execution had been issued on an award before the twenty days allowed for the appeal had expired; and all that was decided was, that it was entitled to the fund, notwithstanding the objections of subsequent execution-creditors.

Decree reversed—each party to this appeal to pay their own costs.

And now, January 2d 1877, it is ordered that the balance of the fund, after payment of the costs and the taxes due the city of Titusville, be paid to Eaton & Cole, on their judgment, No. 125, November Term 1873, and No. 42, November Term 1873, and the record be remitted, that this decree may be carried into effect.