616    SUPREME COURT OF NEW MEXICO

State ex. rel. Hall v. Ballow, 26 N. M. 616.

---

STATE ex rel. HALL et al v. BALLOW, County Treasurer.

[No. 2365, Jan. 19, 1921.]

SYLLABUS BY THE COURT.

A tax levied and assessed on personal property of the owner of both real and personal property is not a lien on the real property of such owner.

Appeal from District Court, Roosevelt County; McClure, Judge.

Mandamus by the State, on the relation of James A. Hall and another against John W. Ballow, Treasurer of Roosevelt County. Judgment for relators, and respondent appeals. Affirmed.

JANUARY TERM, 1921          617

State ex. rel. Hall v. Ballow, 26 N. M. 616.

O. O. ASKREN, Atty. Gen. for appellant.

JAMES A. HALL, of Portales, for appellees.

OPINION OF THE COURT.

RAYNOLDS, J.  On November 4, 1918, an alternative
writ of mandamus was issued, setting out that a certain
tract of 360 acres in Roosevelt county had been conveyed
by deed of trust to James A. Hall, to secure the payment
to Max Buchman of certain promissory note, the note
remaining unpaid at the date of the issuance of the writ.
It further appeared from the writ:  That the said 360
acres had been assessed in 1917 to W. B. Brown, for
$3,800, together with personal property valued at $2,800.
That Brown had sold and conveyed all of said real estate
and improvements to A. B. Meiner during 1917, and that
said Meiner allowed the taxes on the land to become de-
linquent.  Sut has been filed to collect the taxes due and
delinquent for 1917, both on the real and personal prop-
erty, assessed to Brown, and judgment obtained thereon
in the amount of $75.77 due on the land, and $53.40 due
on the personal property.  In said judgment, the treas-
urer was commanded to sell the property, or so much as
might be necessary to realize the taxes, interest, and costs
due.  That the treasurer in pursuance of said judgment
did sell the lands and improvements to Roosevelt county
for the total amount of the judgment, that is, the taxes
due on the land and on the personal property.  On Octo-
ber 29, 1918, after the sale to the county of the land in
question, James A. Hall and Max Buchman offered to
pay that part of the judgment, and tendered the treas-
urer the amount of taxes, interest, penalties, and costs
assessed against the land alone, not including the amount
demanded as taxes on personal property, which tender
and offer to pay the treasurer refused to accept, but
said he would accept the total amount of the judgment
and issue a certificate of redemption for the land upon
payment of the total amount.

The alternative writ issued by the court commanded
the respondent treasurer to show cause why he should

618    SUPREME COURT OF NEW MEXICO

State ex. rel. Hall v. Ballow, 26 N. M. 616.

not accept plaintiff's offer of taxes, etc., due on the land and issue a certificate of redemption therefor. The respondent by his answer set up that the judgment for both amounts of $75.77 due on the real estate and $53.40 on the personal property constituted a lien upon the real estate and the personal property severally, and that either could be sold for the amount of the judgment; that in fact the real estate had been sold for the total amount of the judgment, and the tax sale certificate had been issued to Roosevelt county on October 23, 1918. He further contended that he could not on October 29, 1918, accept any other amount than that for which said land was sold to Roosevelt county in the attempt to redeem the same.

The parties entered into a stipulation as to the facts, and submitted the case to the court. The court found in favor of the relators, and issued a peremptory writ of mandamus, commanding the respondent to accept the amount tendered by the plaintiffs, which amount was due on the real estate alone, that is, $80.21, and commanding him also to issue a certificate of redemption for such real estate. From this judgment against the respondent he appeals to this court.

Two assignments of error are made, the proposition involved being that the tax upon the personal property is a lien upon the real property, and that the real property as, in this case cannot be redeemed separately. The relators, the appellees here, contend, that no lien was created against the real estate for the delinquent personal tax of Brown, who was the owner of the real and personal property in 1917, and against whom the tax was assessed.

The sole question involved is whether or not delinquent taxes assessed against personal property are a lien upon real estate of the owner of the personal property. The general law upon the subject is as follows:

"A tax levied and assessed upon specific property is not a lien on that or any other property of the owner, unless expressly made so by statute, and an intention to this effect

must be clearly manifested in the statute, as a lien will neither be created by implication nor enlarged by construction." 37 Cyc. p. 1138, and cases cited.

"Where a statutory provision makes the taxes a lien on particular kinds of property, it will not be extended by construction so as to affect other kinds of property. As a general rule the tax is a lien on specific piece or article or aggregate collection of property which is assessed." 37 Cyc. p. 1140.

"In some of the states taxes asessed upon personal property attach as liens upon any real estate owned by the tax payer at the time of such assessment, or at the time when the taxes become delinquent." 37 Cyc. p. 1141.

See, also Cooley on Taxation (3d Ed.) vol. 2, p. 865, and cases cited.

In this case the tax suit was instituted, judgment rendered, and sale made under chapter 80, Session Laws 1917. No provision is made in that law, or any law in this state to which our attention has been called, providing that the tax on personal property shall become a lien on the real estate of the owner. On the contrary, the policy of the law seems to be, and provisions are made, for separate return of personal and real property and a separate statement of the tax due upon each class. This is apparent from sections 2 and 5 of chapter 80, Laws 1917. Section 5489, Code 1915, provides for distraint and sale of personal property for their collection, but does not provide for a lien either upon the personal property itself nor the real estate of the owner of such personal property.

It therefore follows under the above-cited authorities that in the absence of any statute making personal property taxes a lien upon the real estate of the owner, no such lien exists, and the court properly granted the writ of mandamus commanding the treasurer to accept the tender made by the relators for the taxes, interest, penalties, and costs of the real estate alone.

Finding no error in the record, the judgment of the lower court is affirmed; and it is so ordered.

ROBERTS, C. J. and PARKER, J., concur.