## UNION CENT. LIFE INS. CO. v. BLACK et al.

No. 4291.   Decided June 4, 1926.   (247 P. 486)

1. TAXATION. Legislature has power to make taxes a lien on all property of owner of taxed property prior to all other liens.

2. TAXATION. To constitute tax a lien against all property of owner at date of levy superior to liens already existing, legislative intent must appear either expressly or by necessary implication.

3. TAXATION. Supreme Court of Utah will construe taxation statutes in favor of priority of tax liens over liens created by private contract.[1]

---

[1] *Lannan* v. *Waltenspel*, 45 Utah, 564, 147 P. 908.

4.  TAXATION—STATUTE PROVIDING THAT TAX ON PERSONAL PROPERTY
    BE LIEN ON OWNER'S REAL PROPERTY, AND THAT LIEN IS NOT RE-
    MOVED UNTIL TAX IS PAID OR PROPERTY SOLD FOR TAX, GIVES TAX
    LIEN PRIORITY TO ANY OTHER LIEN (COMP. LAWS 1917, §§ 5995-
    5997). Comp. Laws 1917, §§ 5995-5997, providing that every tax
    on personal property is a lien on owner's real property, and that
    lien is not removed until taxes are paid or property sold for their
    payment, gives right of satisfaction of tax lien priority to the sat-
    isfaction of any other lien or claim, whether such other lien or
    claim existed before levy of tax or otherwise.

5.  CONSTITUTIONAL LAW.  Injustice from enforcement of revenue
    statute can be remedied only by legislative power, as court must
    apply legislative intent as found in statute.

Appeal from District Court, Sixth District, Garfield
County; *Joseph H. Erickson,* Judge.

Action by the Union Central Life Insurance Company
against George K. Black and others, to foreclose mortgage
on land wherein Piute county intervened and claimed a lien
for taxes. From a decree for sale directing that proceeds be
applied, first, to pay tax lien, and, second, to pay debt due
plaintiff, plaintiff appeals.

AFFIRMED.

*C. W. Collins,* of Salt Lake City, and *Hayes & Heppler,*
of Richfield, for appellant.

*G. R. Beebe,* of Junction, and *George Y. Wallace* and *R. A.
McBroom,* both of Salt Lake City, for respondents.

GIDEON, C. J.

Corpus Juris-Cyc. References:
[1, 2]   Taxation 37 Cyc. p. 1143 n. 27; p. 1144 n. 28.
[3, 4]   Taxation 37 Cyc. p. 1143 n. 27; p. 1144 n. 28; p. 1145 n.
35, 38.
[5]   Constitutional Law 12 C. J. p. 885 n. 9; p. 887 n. 38.

In December, 1917, George K. Black was the owner of two certain parcels of real estate located in Piute and Garfield counties, this state. The lands are described by metes and bounds in the complaint. On December 3, 1917, Black and wife gave to the Union Central Life Insurance Company, appellant, their promissory note, and secured the payment of the same by a mortgage on the two parcels of land. In this proceeding appellant seeks to foreclose that mortgage.

Subsequent to the execution of the mortgage, and during the year 1920, the exact date does not appear in the record, Black conveyed the premises to Orin C. Snow and others. Respondent Black and his wife and their grantees were made parties defendant, and also Manti City Savings Bank, a subsequent mortgagee.

This action was instituted in March, 1923. Thereafter, in September, 1923, Piute county was permitted to intervene in the action. It thereupon filed a pleading designated "answer and counterclaim." By such pleading Piute county claims title to the property. Said county also claims a superior lien on the premises located in Piute county by reason of taxes levied against the real property during the years 1918, 1919, 1920, 1921, and 1922. The county likewise claims a superior lien against the real property by reason of taxes levied against personal property in those years against the owners of the title to the real estate. The matters to be determined on this appeal affect only the property situate in Piute county.

The district court held that the lien created by the tax on both the real and personal property of the owners of the real property was superior and prior in right to the lien created by the mortgage of appellant. The decree directed a sale of the real property, the proceeds of such sale to be applied, first, to pay the tax lien, and, second, any surplus to be applied on the debt due to appellant.

There is no disputed issue of fact in the case. It is admitted that Black owned the property in December, 1917. It is also stipulated that he owned title to the property on

January 1st in the years 1918, 1919, and 1920. It is likewise stipulated that respondent Snow and his associates owned title to the property on January 1st in the years 1921, 1922, and 1923. It further is stipulated that in each of those years the real property was regularly assessed for taxes in Piute county in the name of the then owner of the title. It is likewise stipulated that in each of the years 1918, 1919, and 1920 Black owned personal property in Piute county subject to taxation, and that taxes were regularly assessed against him for much personal property. A similar stipulation was made respecting the personal property belonging to Orin C. Snow and John Snow, owners of the real property in 1921, 1922, and 1923. It is also stipulated that the real property had been sold to pay these delinquent taxes, and that the same had not been redeemed. It is further stipulated that appellant, on or about May 16, 1923, tendered and offered to pay to Piute county all the taxes delinquent and otherwise assessed against the real property in controversy.

The controlling question presented by this record may be stated thus: Is the lien of a personal property tax against the real estate of the owner of the personalty superior or prior in right to a mortgage lien on the realty antedating the assessment and levy of the tax on the personal property? The determination of this question necessarily involves the construction of certain sections of our revenue statutes.

Before considering these particular sections, certain general principles of law uniformly recognized by the authorities and accepted by the parties to this action may be here stated. (a) The Legislature has the undoubted right and power to make taxes a lien upon all the property of the owner of the taxed property, and also to give such lien priority over all other liens of whatsoever nature. (b) To constitute a tax lien against each and all of the properties of the owner at the date of the levy superior to liens already existing against the property such intent of the Legislature must be found in the language used, either expressly or by necessary implication.

The sections of Comp. Laws Utah 1917 relied upon by respondent Piute county to support the trial court's judgment are the following:

Section 5995: "Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all personal property of the delinquent. The judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof."

Section 5996: "Every tax upon personal property is a lien upon the real property of the owner thereof, from and after twelve o'clock m. of the 1st day of January of each year."

Section 5997: "Every tax upon real property is a lien against the property assessed; and every tax due upon improvements upon real estate assessed to others than the owner of the real estate is a lien upon the land and improvements; which several liens attach as of the second Monday in January in each year."

The Legislature of 1896 (Laws 1896, c. 129), by a general and comprehensive act, revised the laws of the state relevant to taxation. The sections quoted were included in the revision (sections 92, 93, 94) in substantially the same language found in the present law.

It is the contention of appellant that the statutes do not by express provision give the lien created by the assessment and levy of a tax priority over an existing lien. It is also its contention that the intent of the Legislature that the tax lien should be superior to existing liens is not reasonably or necessarily inferable or deducible from the language used. On the part of respondent Piute county it is contended that it appears from the language used that it was the clear intent of the Legislature that a tax against personalty and other property should be a lien against the real estate of the owner superior and prior in right to any lien created by private contract. Authorities are cited from other jurisdictions. These authorities are helpful in illustrating the construction of the courts upon particular language found in various legislative enactments. Those authorities, however, do not afford very much aid in determining the legislative intent, unless the language

under consideration by such courts is similar to the language found in our statute.

The sections of our statutes quoted above are found in chapter 6 of title 106, Comp. Laws Utah 1917. The general subject treated by this chapter is "Levy and Lien of Taxes." Title 106 contains all the provisions of the statutes relating to taxation. By section 5996, supra, it is provided that "every tax upon personal property is a lien upon the real property of the owner thereof," and by section 5995, supra, that "every lien created by this title has the force and effect of an execution duly levied against all personal property of the delinquent." And it is further provided in that section that "the judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof." The express language of section 5996 makes the tax on personal property a lien on the real property of the owner of the taxed personal property. The effect of that lien is stated in section 5995. By express provision of the statute the lien is not removed until the taxes are paid or the property sold.

The Supreme Court of California, in *Cal. Loan & Trust Co.* v. *Weis*, 118 Cal. 489, 50 P. 697, had under consideration a question similar to the one here. Sections 3717 and 3716 of the Political Code of California, as those sections are set out in the opinion, are identical with sections 5996 and 5995, supra, except that in section 3716 of the California Code the words "duly levied against all property of the delinquent" are found, while in section 5995, supra, the words are "duly levied against all personal property of the delinquent." The difference in phraseology in no way affects the question involved on this appeal. In the course of the opinion in the California case referred to the court said:

"The mandate of our statutes puts all tax liens upon the same plane, makes them all paramount to other liens, and, under sale for their enforcement, gives to the purchaser a title free and unincumbered. In every case to which our attention has been directed, where the courts have made a distinction between the lien of the personal prop-

erty tax upon the realty and that assessed upon the land itself, the decisions have been based upon a distinction between the two kinds of liens made by the statutes and recognized by the courts."

The headnote to *State of Minnesota* v. *Central Trust Co.* of N. Y., 94 F. 244, 36 C. C. A. 214 (8th Circuit) reads as follows:

"Under Gen. St. Minn. 1894, § 1623, which provides that 'the taxes assessed upon personal property shall be a lien upon the personal property of the person assessed from and after the time the tax books are received by the county treasurer,' the lien so created is paramount to any other lien upon the property, prior or subsequent, in favor of private parties."

This is a well-considered opinion. At page 247 of the report (36 C. C. A. 218) the court says:

"It has been held frequently that a tax lawfully imposed by the state on its citizens is not an ordinary debt, but is an obligation which by its very nature should be regarded as paramount to all other demands against the taxpayer, although the law imposing the tax does not in express terms declare such priority. And in some well-considered cases the same priority has been accorded to a tax, although the statute imposing it failed to provide in so many words that it should be a lien on the property of the taxpayer. Such decisions proceed on the theory that the maintenance of good government and the public welfare are to such an extent dependent upon the prompt collection of taxes that demands of that nature should take precedence of all claims founded upon private contracts (citing cases). These decisions also express a thought which is generally prevalent in the public mind that taxes levied by the state for its own support are founded upon a higher obligation than other demands. The fact has also been recognized from time immemorial that every sovereignty ought to be armed with the requisite power to enforce the collections of taxes without fail, and to compel the prompt payment of whatever imposts it sees fit to levy for its own support. In view of that necessity it has been a common practice to provide summary remedies for enforcing such demands, which have been upheld by the courts whenever assailed, although it is quite probable that some of the remedies so provided could not have been sustained as affording due process of law, if the proceedings had related to the collection of purely private debts."

The Idaho court, in *Continental & Com. Trust & Sav. Bank* v. *Werner,* 36 Idaho, 601, 215 P. 458, says:

"Under the provisions of C. S. § 3097, a lien for taxes cannot be discharged except by payment, cancellation, or rebate. A lien created or attempted to be created by the owner and possessor of land could not operate as a payment, cancellation, or rebate of taxes for the reason that it does not fall within the provisions of C. S. c. 144, which prescribes the manner in which taxes may be discharged."

This court is committed to the rule of liberal construction of taxation statutes in favor of priority of tax liens over liens created by private contract. In *Lannan* v. *Waltenspiel,* 45 Utah, 564, 147 P. 908, the court had under consideration the priority of a lien for special assessments for local improvements made by a municipality over a lien existing before the assessment. The statute giving a lien for special assessments then under consideration by the court provided:

"Special assessments made and levied to defray the cost and expenses of any work contemplated by the provisions of this chapter and the cost of collection thereof shall constitute a lien upon and against the property upon which such assessment is made and levied, from and after the date thereof, and such assessments shall be collected in the manner prescribed by ordinance."

The court held that the lien created by that statute was superior to an existing mortgage lien. In the course of the opinion the court quoted with approval from *State* v. *Ætna, etc., Co.,* 117 Ind. 251, 20 N. E. page 144, as follows:

"It is not necessary that it (the Legislature) should in express terms declare that the lien shall be a paramount one, for if the intention can be gathered from the general words and purpose of the statute the courts will give it effect."

See, also, *Eaton's Appeal,* 83 Pa. 152; *City of Richmond* v. *Williams,* 102 Va. 733, 47 S. E. 844.

The provisions of our statute are that the lien is not removed until the tax is paid or the property sold for the

payment of the same. Such provisions by the courts in other jurisdictions are generally construed as being an expression of the legislative intent to give to the state or other taxing body the right to subject the property to the satisfaction of the lien prior to the satisfaction of any [4] other lien or claim against the property, whether such other lien or claim exists before the levy of the tax or otherwise. That construction must, in our judgment, necessarily result from the language found in our statute. To hold otherwise must necessarily result in defeating the legislative intent that the lien cannot be removed until the taxes are paid or the property sold.

The appellant has cited, and relies upon, the opinion in *Central Trust Co. of N. Y.* v. *Third Ave. Rd. Co.*, 186 F. 291, 110 C. C. A. 1. The court in that case in effect held that the statute giving the state a lien on the property of a street railway company does not give the state priority over a prior mortgage. The statute under consideration in that case provided that tax liens should continue until paid. The opinion in that case apparently stands alone in holding under a statute which provides that the lien created by statute should continue until paid did not give the state a prior lien over an existing mortgage. The opinion was by a divided court; Justice Noyes dissenting. Among other authorities cited by appellant are the following: *Miller* v. *Anderson*, 1. S. D. 539, 47 N. W. 957, 11 L. R. A. 317; *Fidelity Trust Co.* v. *Pumroy*, 45 Okl. 66, 144 P. 1052; *State* v. *Ballow*, 26 N. M. 616, 195 P. 797; *Bibbins* v. *Clark*, 90 Iowa, 230, 57 N. W. 884, 59 N. W. 290, 29 L. R. A. 278; *Advance Thresher Co.* v. *Beck*, 21 N. D. 55, 128 N. W. 315, Ann. Cas. 1913B, 517; *Lobban* v. *State*, 9 Wyo. 377, 64 P. 82; *State* v. *Newark*, 42 N. J. Law, 38; *Scandinavian Am. Bank* v. *King County*, 92 Wash. 650, 159 P. 787; *Pennington* v. *Yakima County*, 127 Wash. 538, 221 P. 326; *Walker* v. *Nogales* (Ariz.) 237 P. 1094.

We have examined these authorities. The opinions in some of the cases have no bearing on the particular question here under review. In the remaining cases courts were consider-

ing statutes that do not attempt by the language used therein, or by necessary implication, to make the lien created by a tax prior in right to an existing lien on the real property of the owner of the taxed property. In none of the foregoing cases did the statutes under consideration contain a provision that the lien should remain until the taxes were paid or the property sold in payment thereof.

The injury and possible loss that may follow a holding that a tax lien for personal property is superior and prior in right to the lien of a mortgage on real property is urged in appellant's brief as a reason why the court should not hold such lien superior and prior in right. The court in administering the revenue laws of the state cannot consider the equities growing out of the enforcement of the legislative intent. The levy and collection of taxes are purely statutory. The court must determine the legislative intent as found in the statute and apply that intent. Injustice resulting from the enforcement of a revenue statute can only be remedied by the legislative power. *Warren* v. *Chandos,* 115 Cal. 382, 47 P. 133; *Veazie Bank* v. *Fenno,* 8 Wall. 548, 19 L. Ed. 482. Do the facts, however, as they appear from this record support the claim that the appellant here was without right to protect its interests against the accumulation of the personal property tax for successive years? The mortgage provided that the mortgagor should pay not only taxes assessed against the land on which the mortgage was given, but also should pay all taxes on personal property. A failure for one year to pay the taxes on the personal property gave to the mortgagee under the terms of the mortgage the right to immediately foreclose its mortgage. That the appellant neglected to enforce its legal right and permitted the taxes not only on the real estate but on the personal property to accumulate against this land is due to its failure to assert its legal right earlier than it chose to do.

Other questions are discussed in the oral argument and in the briefs of counsel, but we regard the question just considered as decisive of the rights of the parties.

We are of the opinion, and so hold, that under the wording of our statute it was the intention of the Legislature to make the lien created by the sections of the statute quoted superior to any liens past or present created by the acts of private parties. It follows that the judgment of the district court should be affirmed. Such is the order.

THURMAN and FRICK, JJ., concur.

CHERRY and STRAUP, JJ., dissent.