## MOSES v. LABOFISH.

### No. 8152.

United States Court of Appeals for the District of Columbia.

Argued Nov. 6, 1942.

Decided Nov. 30, 1942.

Mr. Gerald M. Johnson, of Washington, D. C., for appellant.

Mr. John P. Labofish, of Washington, D. C., for appellee. Mr. Colman Brez Stein, of Washington, D. C., was on the brief for appellee.

[6] Rosenberger v. Rosenberger, 68 App. D.C. 220, 222, 95 F.2d 349.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

## PER CURIAM.

Lillian L. Moses, appellant here, is the owner of a garage building in the District of Columbia. She had leased the building for a rental of $250.00 a month to John T. Kidwell, appellee. On March 23, 1941, Kidwell being several months in arrears in the payment of the rent, Mrs. Moses brought an action to recover possession of the premises and the amount of rent due through March 22, 1941. On April 14, 1941, she got a judgment for $793.74. On April 19, 1941, the chattels of Kidwell, which had been removed from the premises after the commencement of the suit, were found in the District of Columbia and levied upon by the United States Marshal. Shortly thereafter, and before the chattels were offered for sale, Kidwell filed a voluntary petition in bankruptcy. The chattels were delivered to the Trustee in Bankruptcy and sold.

The single question is whether, under these circumstances, appellant is entitled to priority of payment out of the proceeds. The Referee held against her and the District Court affirmed. The applicable provisions of the District of Columbia Code in regard to a landlord's lien for rent are as follows:

45 D.C.Code (1940), § 915:

"The landlord shall have a tacit lien for his rent upon such of the tenant's personal chattels, on the premises, as are subject to execution for debt, to commence with the tenancy and continue for three months after the rent is due and until the termination of any action for such rent brought within said three months."

45 D.C.Code (1940), § 916:

"The said lien may be enforced—
* * *

"Second. By judgment against the tenant and execution, to be levied on said chattels, or any of them, in whosesoever hands they may be found."

Appellee insists that the right to follow the chattels after removal exists only in the case of "fraudulent removal", or "secret or clandestine removal" by the tenant, and that in the present case appellant, in demanding possession of the premises, herself caused the removal of the chattels, and that in any case her action was merely a proceeding on a claim for money due, the effect of which was to give her only the right of an attaching creditor, which right fell under the provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq.

We have been referred to no authority to sustain either of these positions and we think none can be found. Under the District of Columbia law appellant acquired a statutory landlord's lien on the personal property of the tenant on the leased premises from the time of the execution of the lease, and this lien continued in full force and effect for a period of three months after the rent was due and until the termination of any action brought to recover on the contract of lease. The statute provides specifically that the lien may be enforced by judgment against the tenant and execution to be levied upon his chattels in whosesoever hands they may be found. This has been the recognized law in the District of Columbia for more than fifty years. Wallach v. Chesley, 2 Mackey, D.C., 209. And precisely that occurred in this case.

The lien is created by the statute and exists independently of the several means of enforcement which the statute permits. It attaches at the moment the chattels come upon the premises. The right to follow them, if removed without payment of the rent, is given in the section of the statute which was availed of in this case, and the right to priority of payment on distribution is not impaired by the Bankruptcy Act. Henderson v. Mayer, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233. This is not a "lien by legal proceedings," and hence not void under Section 67, sub. f, of the Bankruptcy Act. In re Robinson & Smith, 7 Cir., 154 F. 343; In re West Side Paper Co., 3 Cir., 162 F. 110, 15 Ann.Cas. 384.

Reversed.