**In re Assignment of LOBEL ENTER-PRISES, Inc.**

**Civ. A. No. 3846–53.**

United States District Court, District of Columbia.

Dec. 6, 1954.

William F. Becker, Asst. U. S. Atty., Washington, D. C., for the United States.

Henry E. Wixon, Asst. Corp. Counsel for District of Columbia, Washington, D. C., for District of Columbia.

Bernard Gordon, Washington, D. C., for Square Deal Market Co., Inc.

HOLTZOFF, District Judge.

This proceeding involves a contest for priority of payment out of assets in the hands of an assignee for the benefit of creditors, as between the landlord's claim for back rent, the claim of the United States for taxes, and the claim of the District of Columbia for taxes. Each of the three claimants predicates its rights on a specific statute.

The landlord bases his claim to priority on a local statute which gives a lien to a landlord for rent on such of the tenant's personal chattels on the premises as are subject to execution for debt. Specifically the statute, District of Columbia Code, § 45–915, reads as follows:

"The landlord shall have a tacit lien for his rent upon such of the tenant's personal chattels, on the premises, as are subject to execution for debt."

The United States predicates its claim on a general statute dating back to 1797, which has been known as Revised Statutes, § 3466, and is found in United States Code, Title 31, § 191. This statute provides that,

"Whenever any person indebted to the United States is insolvent, * * * the debts due to the United States shall be first satisfied; * * *."

The statute, in a subsequent clause, is made expressly to apply to a situation "in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof."

The District of Columbia predicates its claim to priority on an Act of Congress of local application in the District of Columbia, found in the District of Columbia Code, §§ 47–2609 and 47–2707. That statute provides that,

"Whenever the business or property of any person subject to tax under the terms of this chapter, shall be placed in receivership or bankruptcy, or assignment is made for the benefit of creditors, * * * all taxes, penalties, and interest imposed by this chapter for which said person is in any way liable shall be a prior and preferred claim."

Going back to the three statutes above quoted, it will be observed that the statute creating a lien in favor of the landlord does more than accord to him a right of priority of claim for distribution of the assets. It creates a specific lien on specific personal property. Aside from that the landlord has no priority under the District of Columbia law. But he does have a lien on the specific personal chattels of the tenant found on the premises. The Court is, therefore, of the opinion that since the landlord has a specific lien on specific property, he takes priority over the claims both of the United States and of the District of Columbia, inasmuch as the rights of both the Federal Government and the District

of Columbia Government are rights of priority to be paid out of general assets.[1]

 As between the two governmental units, we are confronted with the task of reconciling two Acts of Congress. In that respect the situation presented here is entirely different from the situation presented in those cases in which the respective priorities of states or municipalities, as compared with priorities of the United States, are involved. In those cases we have acts of different legislative bodies to construe, and it is natural to hold that an Act of Congress takes precedence over an act of a state legislature. In this instance, however, as has just been said, both priorities are predicated on separate Acts of Congress.

The United States claims under a general statute dating back to 1797. The District of Columbia priority is predicated on a statute of local application enacted on May 27, 1949. The Court is of the opinion that the District of Columbia local statute is in effect an attempt by the Congress to carve out an exception to the general Federal statute. Consequently, the Court is of the opinion that the claim of the District of Columbia takes priority over the claim of the United States.

Both the United States and the District of Columbia rely on the authority of United States v. Waddill Co., 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294, in an attempt to answer the claim of the landlord to priority over each of them. In the Waddill case, however, it was expressly stated that the Court was of the opinion that the asserted liens of the landlord and the municipality were not sufficiently specific and perfected on the date of the voluntary assignment. The Court expressly left open the question as to whether the landlord would have a prior right if he had properly asserted his lien. Under the District of Columbia statute, however, the lien, as was held by the Court of Appeals for this circuit, is provided by statute, and is a lien on the personal property of the tenant on the leased premises, Moses v. Labofish, 76 U.S.App.D.C. 401, 132 F.2d 16.

The Court concludes, therefore, that the various claims shall take priority in the following order: first, the landlord; second, the District of Columbia; and third, the United States.

Counsel may submit appropriate orders to carry out the foregoing ruling.

---

[1] It is conceded that in this case the assets consist of the proceeds of the sale of chattels found on the premises.