**DISTRICT OF COLUMBIA, a municipal corporation, Appellant,**

v.

**HECHINGER PROPERTIES COMPANY, a corporation, Appellee.**

No. 3350.

District of Columbia Court of Appeals.

Argued Dec. 2, 1963.

Decided Feb. 5, 1964.

---

2. Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108.

158

Henry E. Wixon, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Gordon M. Van Sanford, Asst. Corp. Counsel, were on the brief, for appellant.

Gilbert Hahn, Jr., Washington, D. C., with whom Mark B. Sandground, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

On September 8, 1961, Hechinger Properties Company filed a complaint against Russell T. and Betty L. Piersanti for unpaid rent in the amount of $2,700.00, and a writ of attachment was issued on the same date. On November 7, 1961, a judgment was entered in rem against the property and the marshal was ordered to sell the property and remit the proceeds, less sale expenses, to the plaintiff. The marshal, pursuant to this judgment, sold the property for approximately $1,000.00.

On November 27, 1961, the District of Columbia served Notice of Levy and Warrant for Distraint upon the United States marshal for unpaid taxes owing to the District of Columbia by defendant Russell T. Piersanti in the total amount of $271.20, consisting of $94.81 for District of Columbia sales taxes for January, 1961, $63.23 actually withheld as District income taxes from his employees' wages for the fourth quarter of 1960, and $113.16 assessed against Piersanti for District income taxes withheld or required to be withheld by him, from employees' wages for the first and second quarters of 1961.

On March 12, 1962, by consent order, the marshal was directed to remit to Hechinger the excess (less costs of sale) above the disputed $271.20 and to hold this sum to await final disposition by the court.[1]

1. On March 26, 1963, the marshal inadvertently paid over to the District the sum involved in this litigation, without court order.

On June 24, 1963, the trial court found in favor of Hechinger and ordered the District to pay the $271.20 to Hechinger. From this order, the District appealed.

The District's position at trial was that under Section 47–1586g(f) (2), D.C.Code, 1961,[2] its lien for withholding taxes attached and its priority dated, at the latest, from the last day of the month following the close of the second quarter of 1961, over a month before Hechinger filed its complaint and obtained its judgment. Hechinger argued that this provision merely created the lien but did not grant a priority from the date of the accrual of the lien and did not, without further action by the District, give the District the right to collect the lien. It argued that the priority dates from, and the right to collect is controlled by, action taken under Section 47–312 of the Code [3] which provides that a lien for taxes "*may* be acquired in the same manner that liens for personal property taxes are acquired." [Emphasis added.]

2. Section 47–1586g(f) (2) provides that: "The District of Columbia shall have a lien upon all the property of any employer who fails to withhold or pay over to the Collector sums required to be withheld under this section. If the employer withholds but fails to pay over the amounts withheld to the Collector the lien shall accrue on the date the amounts were withheld. If the employer fails to withhold, the lien shall accrue on the date the amounts were required to be withheld."

3. Section 47–312 provides that: "In addition to any other methods or devices or both provided by law or regulation for the collection of various taxes (except real property taxes) due the District, any tax imposed by any law applicable to District taxes, and penalties and interest thereon, when such tax has become due and payable, may be collected in the manner provided by law for the collection of taxes due the District on *personal property in force at the time of such collection; and liens for all such taxes, penalties, and interest may be acquired in the same manner that liens for personal property taxes are acquired."

4. Section 47–1406 reads, in part: "In case of the neglect or refusal of any person to

Under Section 47–1406, D.C.Code, 1961,[4] liens for personal property taxes are acquired by filing a certificate of delinquent taxes with the Clerk of the United States District Court.

The trial court, in a Memorandum Opinion, said:

"The Court accepts the contention of the plaintiff that, under Sections 47–312 and 47–1406, D.C.Code, 1961 Edition, a lien for such taxes attaches and acquires its priority from the date a certificate of delinquent withholding taxes is filed with the Clerk of the United States District Court for the District of Columbia. It appears of record that the District of Columbia has not filed such a certificate for the taxes in question in this case."

As to sales taxes, the trial court stated:

"The Court agrees with the contention of the plaintiff that the provision in this section [Sec. 47–2609, D.C.Code, 1961] [5] that the U. S. Marshal shall pay a personal-property tax within ten days after notice and demand, the collector of taxes, or the person designated by him, may file a certificate of such delinquent personal tax with the clerk of the United States District Court for the District of Columbia, which certificate from the date of its filing shall have the force and effect, as against the delinquent person named in such certificate, of the lien created by a judgment granted by said court * * * *"

5. Section 47–2609 provides, in part, that: "Whenever the business or property of any person subject to tax under the terms of this chapter, shall be placed in receivership or bankruptcy, or assignment is made for the benefit of creditors, or if said property is seized under distraint for property taxes, all taxes, penalties, and interest imposed by this chapter for which said person is in any way liable shall be a prior and preferred claim. Neither the United States marshal, nor a receiver, assignee, or any other officer shall sell the property of any person subject to tax under the terms of this chapter under process or order of any court without first determining from the Collector the amount of any such taxes due and payable

first pay to the collector the amount of sales taxes out of the proceeds of the sale of goods held by him before making any payment of any moneys to any judgment creditor applies only to property in receivership or bankruptcy, or property assigned for the benefit of creditors, or seized under distraint for property taxes. The property in question in this case does not come in any of these categories.

\*   \*   \*   \*   \*   \*

"Under Sec. 47–2610, a sales tax lien must be collected by filing a certificate of delinquent sales taxes with the Clerk of the United States District Court for the District of Columbia. This has not been done in this case."

We have carefully considered the issues raised by this appeal and believe it will simplify the questions if withholding taxes and sales taxes are discussed separately.

## I. WITHHOLDING TAXES

Section 47–1586g(f) (2),[6] in respect to the case where the employer fails to pay over the amounts withheld to the Collector, not only specifically creates a lien, but provides that it shall accrue on the date the amounts were withheld or, if not withheld, on the date the amounts were required to be withheld.

■ Taxes are liens only when and to the extent made so by statute, Ervin v. State of Alabama, 5th Cir., 80 F.2d 432; Cooley on Taxation, vol. 3, §§ 1230–1240; Union Central Life Ins. Co. v. Black, 67 Utah 268, 247 P. 486, 47 A.L.R. 372.

■ A lien created by statute exists independently of the various means of en-

by said person, and if there be any such taxes due, owing, or unpaid under this chapter, it shall be the duty of such officer to first pay to the Collector the amount of said taxes out of the proceeds of said sale before making any payment of any moneys to any judgment creditor or other claimants of whatsoever kind or nature. \* \* \* "

forcement which the statute permits.[7] If the lien is given by the statute, further proceedings are not necessary to fix the status of the property. In our case a lien commenced at the time the income tax was withheld, or on the date it should have been withheld. It was perfected, it was choate, at these times and no further action was necessary to perfect it. It has long been regarded as a universal principle that a prior lien gives a prior legal right which is entitled to prior satisfaction out of the subject it binds. Howard v. Milwaukee and St. Paul R. Co., 101 U.S. 837, 25 L.Ed. 1081; Rankin & Schatzell v. Scott, 12 Wheat. 177, 25 U.S. 177, 179, 6 L.Ed. 592.

■ The construction given 47–1586g(f) (2) by the trial court must be tested against the intent and purpose of Congress. The trial court held that the District has no lien until it records a withholding tax lien in the United States District Court. But Section 47–312, by itself, with no reliance upon any other statute, gives the District the right to acquire a lien for taxes in the same manner that liens for personal property taxes are acquired, i. e., by filing a certificate of delinquent taxes with the United States District Court, pursuant to the authority of Section 47–1406 of the Code. If we uphold the trial court's interpretation, Section 47–1586g(f) (2) is meaningless. We do not believe Congress intended to enact a nullity in adopting Section 47–1586g(f) (2). We think that its purpose was clear—to give the District a lien which arises and exists on the date income taxes are withheld or are required to be withheld by the employer and has priority over other claims.

Accordingly, we hold that the trial court erred in finding that the District of Co-

6. Footnote 2, supra.

7. See Moses v. Labofish, 76 U.S.App.D.C. 401, 132 F.2d 16, where the above rule is applied to a statute creating a landlord's lien.

lumbia, not having filed a certificate under Section 47-1406, was not entitled to the sums that were actually withheld or those that should have been withheld, by Piersanti, and rule that the District is entitled to these sums.

## II. SALES TAXES

Section 47-2608 provides that:

"[t]he [sales] tax imposed by this chapter and interest and penalties thereon shall become, *from the time due and payable,* a personal debt of the person liable to pay the same to the District." [Emphasis added.]

Section 47-2610 provides that taxes imposed under this chapter may be collected in the manner that taxes on personal property are collected, i. e., by Distraint and Levy. It also provides that liens for these taxes may be acquired in the same manner as liens for personal property, i. e., by filing a certificate of delinquent taxes with the United States District Court.

■ We construe Section 47-2610 as a mere permissive way ("may" be collected) in which the District of Columbia can give notice, if it desires, to creditors or potential creditors of its prior claims. While we may think that the better practice would be to give creditors notice, it is not required by the statute involved.

■ The District maintains that the reference to the marshal in the second sentence of Section 47-2609 acts independently of the first sentence in that section and is not controlled by the first sentence, because the marshal has nothing to do with any of the four categories referred to in the first sentence of Section 47-2609 (receivership, bankruptcy, assignments for the benefit of creditors, and distraint for property taxes). We agree with this interpretation.

We construe the first sentence of this section as giving a preferred claim to the District for taxes owed when the business is placed in receivership, bankruptcy, or an assignment is made for the benefit of creditors, or if said property is seized under distraint for property taxes. We cannot ignore the second sentence of Section 47-2609, however:

"Neither the United States marshal * * * or any other officer shall sell the property of any person subject to tax under the terms of this chapter under process or order of any court without first determining from the Collector the amount of any such taxes due and payable by said person, and if there be any such taxes due, owing, or unpaid under this chapter, it shall be the duty of such officer to first pay to the Collector the amount of said taxes out of the proceeds of said sale before making any payment of any moneys to any judgment creditor or other claimants of whatsoever kind or nature."

We believe this language is broad enough to subject any property of the delinquent tax-ower, no matter how it gets into the hands of the marshal, to a claim by the District for taxes owed. With this construction, Section 47-2610 would be mere surplusage, except for the interpretation we give it above, i. e., that it allows, but does not require, the District to give notice to creditors and others.

■ Our interpretation does not unduly stretch the language of this section and we are in accord with the policy of the law to insure the collection of all taxes. Courts will construe the statutes, whenever it is possible, to achieve that result. Nassau County v. Lincer, 254 App.Div. 746, 760, 4 N.Y.S.2d 77, 78. We are of the opinion that the disappointment of a creditor in finding an unexpected tax claim does not afford a valid basis for nonrecognition. We must bear in mind that the legal machinery provided by the appropriate tax statute should be favored by the courts to aid the District in its important municipal function of raising the necessary revenue to operate the District.

In summary we rule that under Section 47–1586g(f) (2), Section 47–2608, and Section 47–2609 of the D.C.Code, the District of Columbia was entitled to its claims for withholding taxes and for sales taxes to be satisfied out of the funds held by the marshal prior to their distribution to the attaching judgment creditor because of the existing choate liens against said property in favor of the District.

Reversed with directions to enter judgment for appellant on both the withholding and the sales tax claims.