450 P.2d 100

PHILLIPS PETROLEUM COMPANY, a cor-
poration, Plaintiff and Respondent,

v.

Donald H. WAGSTAFF et al., Defendants,
Utah State Tax Commission, Defendant
and Appellant.

GREAT STATES LIFE INSURANCE COM-
PANY, a corporation, Plaintiff
and Respondent,

v.

TOLEDO METAL ARTS, a Utah corporation,
aka Toledo Metal Arts, Inc., et
al., Defendants,

Utah State Tax Commission, Defendant
and Appellant.

Nos. 11240, 11274.

Supreme Court of Utah.

Jan. 28, 1969.

Phil L. Hansen, Atty. Gen., M. Reed
Hunter, Asst. Atty. Gen., Salt Lake City,
for appellant.

Macoy A. McMurray, Salt Lake City,
for Phillips Petroleum Co.

John G. Marshall and Walker E. Anderson, Salt Lake City, for Great States Life Ins. Co.

TUCKETT, Justice:

The above entitled cases were consolidated on appeal to this court. The plaintiffs in the cases below commenced their separate suits to foreclose mortgages. The State Tax Commission answered the complaints of the plaintiffs and asserted claims for delinquent withholding taxes against the Wagstaffs in the one case and against Toledo Metal Arts in the other. In the court below decrees of foreclosure were entered by the courts which decreed that the liens asserted by the Commission in each of the cases were junior and inferior to the liens of the mortgages. The Commission has appealed contending that its lien is prior to the liens of the mortgages.

In 1951 the Utah State Legislature enacted a withholding tax law patterned after that of the Federal Government but it varied in several respects. By the terms of the act every employer in the state is required to withhold a specified amount from the salary or wages paid to his employees and remit that amount to the Utah State Tax Commission within the specified period.

It is the claim of the Commission that the provisions of Sec. 59–14–71(3) (e), U. C.A.1953, establish a priority ahead of a prior mortgage. A provision of that section is as follows:

Every employer who deducts and withholds any amounts under the provisions of this act shall hold the same in trust for the state of Utah for the payment thereof to the commission in the manner and at the time provided for in this act and the state of Utah shall have a lien to secure the payment of any amounts withheld and not remitted as provided herein upon all of the assets of the employer and all property, including stock in trade, business fixtures and equipment, owned or used by the employer in the conduct of his business, so long as any delinquency continues, which said lien shall be prior to any lien of any kind whatsoever including existing liens for taxes.

The Commission takes the position that the enactment of this law entitles it to absolute priority over all other claimants (with the exception of the Federal Government), public or private, for delinquent withholding taxes. Because of inconsistent holdings in the trial courts of the state, this court is asked to make an interpretation for the guidance of the courts and all others concerned with the statute.

The Tax Commission relies principally upon two cases for the support of its position. The first case is that of Provident Institution for Savings in Jersey City v.

Mayor & Aldermen of Jersey City.[1] In that case the New Jersey legislature passed a law designed to provide a water supply for the inhabitants of Jersey City by providing for a waterworks system the cost of which was to be paid for by a system of water rents to be charged against lands within the city where the inhabitants use such water. In the foreclosure proceeding the city claimed that the lien created by the water rents which were not paid in 1871 were prior to the mortgages given to the plaintiff prior to the delinquency. The statute was challenged as depriving the mortgagee of its property without due process of law. The United States Supreme Court upheld the statute and the priority granted thereby, apparently upon the basis that providing a sufficient water supply for the inhabitants of the city tends greatly to enhance the value of all real estate within its limits, and that the charges for the use of the water may well be entitled to take high rank among outstanding claims against the property so benefited. The other case upon which the Commission relies is the Union Central Life Ins. Co. v. Black,[2] a 1926 case decided by this court. In 1917, Black and his wife gave to the Union Central Life Insurance Company their promissory note, and a mortgage to secure the payment thereof on two parcels of land. In a proceeding commenced to foreclose the mortgage in 1923, Piute County claimed a superior lien on the premises located in Piute County by reason of taxes levied against the personal property of the owners during the years 1919 to 1922. The question presented to the court for decision in that case was: Is the lien of a personal property tax against the real estate of the owner of the personalty superior or prior in right to a mortgage lien on the realty antedating the assessment and levy of the tax on the personal property? The District Court held that the tax lien for personal property was superior and prior to the lien of the mortgage. This court affirmed.

We perceive that there is a distinction between the case we have under consideration and the two cases referred to above. In those cases the public records would reflect the amount of tax assessed by the public body and in the Black case the provisions of the mortgage permitted the mortgagee to foreclose upon failure of the mortgagor to pay the taxes assessed against the property. The mortgagee could have protected his security interest by proceeding to foreclose without waiting for several years' assessments to accumulate. In the instant case the only record as to delinquent withholding taxes rests wholly within the knowledge of the employer until such time as the Tax Commission makes its determination as to the amount due and delinquent and

1. 113 U.S. 506, 5 S.Ct. 612, 28 L.Ed. 1102.

2. 67 Utah 268, 247 P. 486, 47 A.L.R. 372.

files its warrant with the appropriate county clerk.

We are inclined to the view that the lien of a state for delinquent withholding taxes begins to run at the time notice thereof is given by filing the warrant.

It should be noted that the Tax Commission has been granted the power by statute to take other steps to insure collection of the tax in question by requiring that an employer furnish an undertaking[3] to insure payment of the tax deducted and withheld from the employee's wages.

The decisions of the courts below are affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER and ELLETT, JJ., concur.

HENRIOD, J., does not participate.