589 F.2d 628
 191 U.S.App.D.C. 105
 DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY, a body
corporate, Appellee,
v.
ELEVEN PARCELS OF LAND IN SQUARES 2662, 2665, 2666, 2670,
2674, 2837, 2849, 2860, 2866, in the District of
Columbia, et al., John D. Neumann
Properties, Inc. (Parcel
2670-301), Appellant.
 No. 77-1966.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Oct. 24, 1978.
Decided Nov. 9, 1978.
 
 Robert Rifkin, Washington, D. C., with whom A. Slater Clarke, Washington, D. C., was on the brief for appellant.
 Anne S. Almy, Atty., Dept. of Justice, Washington, D. C., with whom James W. Moorman, Asst. Atty. Gen. and Carl Strass, Atty., Dept. of Justice, Washington, D. C., were on the brief for appellee.
 Also Larry A. Boggs and Edmund B. Clark, Attys., Dept. of Justice, Washington, D. C., entered appearances for appellee.
 Before WRIGHT, Chief Judge, and MacKINNON and ROBB, Circuit Judges.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 This is an appeal from a Supplemental Final Order of Distribution entered by the District Court. The order distributed $4,000, awarded for the condemnation of Parcel 2670-301 by the District of Columbia Redevelopment Land Agency (RLA).
 
 
 2
 After taking title to the property by condemnation in 1973, RLA was notified by the Department of Finance of the District of Columbia that the property was scheduled for a tax sale because a previously imposed assessment of $2,858.87, for the demolition of a building on the land, had been outstanding for over two years. RLA paid the assessment in order to prevent the sale, and filed a motion seeking reimbursement from the condemnation proceeds on deposit in the District Court. The District Court granted RLA's motion on the theory that RLA was subrogated to the District of Columbia's right to payment of the demolition assessment (plus accrued interest of $385.95) and directed that $3,244.82 be returned to RLA. Appellant John D. Neumann Properties, Inc. (Neumann) claims, however, to have priority to the condemnation proceeds by virtue of a deferred purchase money deed of trust which it received pursuant to its sale of the parcel to William and Francis Melby in 1971.
 
 
 3
 The focal point of the controversy is whether the assessment of the demolition cost creates a tax lien against the property. If a lien is created, the priority of the District of Columbia in satisfaction of this lien would be superior to that of the mortgagee. If, on the other hand, there is no lien, a note secured by a deed of trust would have prior claim to the proceeds. Appellant argues that in order for a lien to arise upon the assessment of a demolition charge, it must be specifically created by statute. In the District of Columbia, according to the appellant, no such statute exists. Rather the statutes dealing with priorities and the distribution of proceeds apply only to distribution after a judicial sale. See D.C.Code §§ 47-1003, 1011. Accordingly, appellant argues that no lien is created until a tax sale has taken place.
 
 
 4
 Appellant relies on District of Columbia v. Hechinger Properties,197 A.2d 157 (D.C.App.1964), where the court held that after a judicial sale of personalty, the Marshal must first pay delinquent sales taxes to the District of Columbia, then use the remaining proceeds to satisfy a private judgment creditor. Because the statutes governing distribution of proceeds after a tax sale for both personalty and realty are similar, see D.C.Code §§ 47-2609, 1003, appellant argues that Hechinger Properties establishes that the District of Columbia obtains priority to the proceeds only After a tax sale. While appellant's argument is not without some force, See generally 5A Thompson on Real Property, § 2763 (repl. ed. 1957); District of Columbia v. Sussman122 U.S.App.D.C. 207, 218-19, 352 F.2d 683, 694-95 (1965) (Washington, J., Dissenting ), we think this approach is of only limited relevance when we are not concerned with interests in personalty and judgments In personam. It is, of course, settled that general real estate taxes are levied against the property and are interests In rem. District of Columbia v. Sussman, Supra, 122 U.S.App.D.C. at 210, 352 F.2d at 686; Tumulty v. District of Columbia, 69 App.D.C. 390, 395, 102 F.2d 254, 259 (1939). And while in this case we are dealing with an assessment of the costs incurred in demolishing a building, D.C.Code § 5-622 provides that such costs are to be "assessed by the Commissioner as a tax against the premises on which such building . . . was situated."
 
 
 5
 Thus whether such a "tax" on realty takes priority over a private secured interest is resolved by ascertaining, as best we can, the precise legal status of this interest In rem. In District of Columbia v. Sussman, supra, the federal government had condemned a piece of property in the District of Columbia for federal use. The compensation for the land was on deposit in the District Court. In deciding whether the District was due the tax for a part of the tax year during which the land was under federal control, the court concluded that a levied tax, even though not delinquent, created an interest in the property to be satisfied from the proceeds on deposit. See also Marks v. District of Columbia, 105 W.L.R. 89 (D.C.Sup.Ct.1977), where the court, in considering whether a tax sale could be enjoined, proceeded on the understanding that a demolition assessment was a lien on the property. Here, where the assessment has been levied and by statute is to be treated like a tax, there is as much of an interest In rem as existed in the Sussman case. Since here also the compensation for the property is on deposit, and the money on deposit stands in the place of the property itself, the demolition assessment must be satisfied from this fund. Of course, where private and public claims compete for the proceeds from a tax sale, payment to the government takes priority over satisfaction of private interests. See D.C.Code § 47-1003. We think it manifest that the rule must be the same here, where the funds are generated not from a tax sale, but from a condemnation.
 
 
 6
 Having established that, in general, a claim for a tax assessed against a piece of property takes priority over private secured interests, we must still decide how this priority affects the resolution of this controversy: that is, whether the RLA, having satisfied the demolition assessment, is subrogated to the government's general priority, or whether Neumann, the assessment having been satisfied by a third party, is next in line to the proceeds on deposit in the District Court. The question is entirely one of equity. The doctrine of "subrogation is not a matter of strict right, but is purely equitable in nature, dependent upon the facts and circumstances of each particular case." Gray v. Jacobsen, 56 App.D.C. 353, 354, 13 F.2d 959, 960 (1926). We must decide whether the District Court has used this doctrine properly in the fulfillment of its statutory mandate to "make such orders in respect of incumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable." D.C.Code § 16-1316. We think that it has.
 
 
 7
 Our own difficulty in sorting through the tangled lore of taxes, liens, and condemnations makes us reluctant to penalize RLA because it may not have followed, from a legal point of view, the most prudent and circumspect course of conduct when it was apprised of the demolition assessment on its property. Since the obligation created by the demolition assessment would have been satisfied first had RLA directly petitioned the court for satisfaction of the debt from the condemnation fund on deposit, that they paid the bill first and now seek reimbursement from the fund does not alter the equitable entitlement to such proceeds. Accordingly, we conclude that RLA is subrogated to the entitlement of the District of Columbia to reimbursement for its demolition assessment.
 
 
 8
 Finally we conclude that the entitlement of RLA to reimbursement for its payment of the demolition assessment includes the $385.95 in interest which accrued over some two years on the unpaid debt. District of Columbia law gives penalties on delinquent taxes the same status as the principal debt. D.C.Code §§ 47-1003, 1006, 1011. Thus since RLA is subrogated to the District's priority to the condemnation proceeds for the principal amount, so too are they subrogated for reimbursement of the interest. RLA's actions were in no way responsible for causing this interest to accrue. Indeed, they paid the assessment immediately upon receiving the bill, thus stopping the accumulation of interest. Accordingly, there is no reason in equity why the doctrine of subrogation should not apply to RLA with equal force insofar as reimbursement for the payment of accumulated interest is concerned.
 
 The order of the District Court is
 
 9
 Affirmed.